NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ADRIANE IRIS BUDAVARI, *Petitioner/Appellee,*

*v.*

TYLER JEFFERSON GLENN, *Respondent/Appellant.*

No. 1 CA-CV 13-0615

FILED 12-30-2014

Appeal from the Superior Court in Maricopa County
No.  FC2011-090601
The Honorable Veronica W. Brame, Commissioner

**REVERSED AND REMANDED**

COUNSEL

Ivy L. Kushner, Attorney at Law, Scottsdale
By Ivy L. Kushner
*Counsel for Petitioner/Appellee*

Viles Law Offices, LLC, Phoenix
By James E. Viles
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

¶1        Respondent/Appellant Tyler Jefferson Glenn (Father) appeals the family court's order denying his petition to modify child support.  For the following reasons, we reverse and remand for further proceedings consistent with this decision.

## BACKGROUND

¶2        The family court entered a Consent Decree dissolving Father's marriage to Adriane Iris Budavari (Mother) in August 2011.  In the Decree, the court approved the parties' Mediated Marital Settlement Agreement concerning parenting arrangements and child support.  As relevant, the agreement provided that the parties understood that application of the Arizona Child Support Guidelines[1] ("the Guidelines") would result in a child support payment from Father to Mother of $1,173 per month, but they nevertheless agreed Father would pay $2,671 per month as child support.  The court considered the best interests of the parties' children, expressly found that the application of the Guidelines was inappropriate and unjust, and ordered the agreed-upon deviation.  Father was required to pay $2,671 in monthly child support.

¶3        In February 2013, Father petitioned for modification of child support on the grounds that the application of the Guidelines to the parties' changed circumstances would result in a child support amount 69 percent lower than the amount ordered in the Decree.  Mother opposed the petition, arguing no substantial and continuing change of circumstances had occurred and Father could not avoid his agreement to pay $2,671 per month by insisting that the court apply the Guidelines.  After conducting a hearing, the family court ruled that no substantial and continuing change had occurred in the parties' circumstances.  Accordingly, it denied and

---

[1] The Arizona Child Support Guidelines, adopted by the Arizona Supreme Court for actions filed after May 31, 2011, are found in the Appendix to Arizona Revised Statutes ("A.R.S.") section 25-320.

dismissed Father's petition. Father timely appeals. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**ANALYSIS**

**¶4**         Father argues the family court abused its discretion by denying his petition to modify child support.[2] Arizona law allows a court to modify a child support order upon a showing of "changed circumstances that are substantial and continuing." A.R.S. § 25-327(A).

**¶5**         Normally, when the family court has conducted an evidentiary hearing, we review the court's decision whether a substantial and continuing change in circumstances has occurred for an abuse of discretion. *See Jenkins v. Jenkins*, 215 Ariz. 35, 40, ¶ 21, 156 P.3d 1140, 1145 (App. 2007) (finding no abuse of discretion in family court's denial of mother's request for modification of child support because mother failed to establish that father's employment or earnings had undergone a substantial and continuing change). In this case, although the family court's order stated that it had conducted an "evidentiary hearing," the parties did not submit any evidence. The court simply applied Arizona law to the facts it derived from the court file and the arguments and avowals of counsel. Because this was not an evidentiary hearing, we review de novo the court's interpretation of A.R.S. § 25-327(A) and the Guidelines. *Guerra v. Bejarano*, 212 Ariz. 442, 443, ¶ 6, 133 P.3d 752, 753 (App. 2006).

**¶6**         The parties agreed prior to the hearing that: (1) Mother's income had increased from $16,197 per month at the time of the dissolution to $26,666 per month; and (2) Father's income had decreased from $25,186 per month to $20,133 per month. There was also no dispute that the parties' oldest child was more than 12 years old. In addition, the court ruled Father was entitled to a credit for 119 days of parenting time per year rather than the 91 days of parenting time utilized in the calculation performed at the time of dissolution.[3]

---

[2] We reject Mother's argument that Father failed to properly cite the record on appeal and deny her request that we deem Father's appellate issues waived.

[3] The court arrived at the new parenting time credit by "split[ting] the difference" between each party's position.

¶7        The court applied these changes to determine that Father's current child support obligation under the Guidelines would be $1,057 per month. Nevertheless, it found Father had not shown a substantial and continuing change in circumstances because that new support amount did not vary at least 15 percent from $1,173, the amount calculated under the Guidelines at the time of dissolution. Father argues the court erred as a matter of law by comparing the new calculation to the original Guidelines calculation, rather than the deviated support amount of $2,671.

¶8        The court may modify a child support order upon a showing of substantial and continuing changed circumstances. A.R.S. § 25-327(A). When the application of the Guidelines results in an order that varies 15 percent or more from the "existing [support] amount," such a variation is considered evidence of a substantial and continuing change of circumstances. A.R.S. § 25-320 app. § 24(B) ("Guidelines"). The family court erred as a matter of law by comparing the new child support calculation to the Guidelines calculation completed (but not implemented) at the time of the dissolution rather than to the amount of child support previously ordered. Accordingly, we vacate the finding that no substantial and continuing change in circumstances had occurred.[4]

¶9        Mother argues that we may nevertheless affirm the family court's order because Father agreed to pay child support in an amount greater than the calculation arrived at under the Guidelines and offered no evidence that the deviation the court adopted in the Decree was no longer appropriate. As noted, the family court here did not conduct an evidentiary hearing and did not make any findings about whether deviation from the support guidelines was still appropriate. The court may consider on remand whether the circumstances warrant continued deviation from the

---

[4] We do not suggest, however, that the family court must find that a substantial and continuing change in circumstances has occurred if the application of the Guidelines results in an order that varies 15 percent or more from the existing support amount. Such a variance is only evidence of the requisite minimum change in circumstances. Guidelines § 24(B). The overall determination remains within the family court's discretion. *Beck v. Jaeger*, 124 Ariz. 316, 317, 604 P.2d 18, 19 (App. 1979) ("A determination as to the sufficiency of changed circumstances is a matter within the sound discretion of the trial court . . . ."). We hold only that the family court in this instance committed a legal error.

Guidelines in this case and the impact, if any, of Father's prior agreement to pay a deviated child support amount on his current petition.

**CONCLUSION**

**¶10**      For the foregoing reasons, we reverse the family court's denial of Father's petition to modify child support and remand for further proceedings consistent with this decision.

**¶11**      Mother requests an award of attorney fees and costs incurred on appeal pursuant to A.R.S. § 25-324. Father asks the court to deny Mother's request, asserting that her opposition to his appeal was unreasonable. In the exercise of our discretion, we deny Mother's request.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5