573 P.2d 874

In re the MARRIAGE OF Phyllis G. ROWE, Appellant,

and

William J. Rowe, Appellee.

No. 13176.

Supreme Court of Arizona, In Division.

Jan. 5, 1978.

Amelia D. Lewis, Sun City, for appellant.

Dale L. States, Phoenix, for appellee.

GORDON, Justice:

In 1974, the parties obtained a dissolution of their marriage through a default proceeding. At that time, their property settlement agreement, which provided for spousal maintenance of $275 per month and child support of an equal amount, was incorporated into the dissolution decree. Approximately a year later, William Rowe successfully petitioned the superior court to modify the decree. Phyllis Rowe filed an appeal, and we have taken jurisdiction pursuant to Rule 47(e) 17A A.R.S. Rules of the Supreme Court.

Predicating its modification order the court found, *inter alia*:

"6. Phyllis Rowe has undergone surgery since the dissolution and is not presently employable but she will be employable within three years.

\* \* \* \* \* \*

"8. Neither party has shown a substantial and continuing change of circumstances since the entry of the Decree of Dissolution."

The court then ordered:

"1. That payments for spousal maintenance to Phyllis Rowe by William Rowe

shall continue through October, 1978, or until Phyllis Rowe obtains employment, whichever first occurs. Thereafter, no further spousal maintenance shall be payable."

Appellant has correctly alleged that absent a change of circumstances, the original spousal maintenance order may not be modified. *Hornbaker v. Hornbaker,* 25 Ariz.App. 577, 545 P.2d 425 (1976). This limitation on a court's power to modify an award of spousal maintenance is imposed by A.R.S. § 25–327 which states, in part:

"the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and *only upon a showing of changed circumstances which are substantial and continuing*". (Emphasis added.)

Because the trial court found no change of circumstances, it improperly modified the original decree.[1] Therefore, the court's order limiting the duration of the spousal maintenance requires reversal.

Prior to the dissolution being obtained through a default proceeding, appellee waived in writing notice of the proceeding and "Entry of Judgment for no more than the relief prayed for in the complaint". The relief prayed for in the petition corresponded with the parties' property settlement agreement, and was granted in the decree of dissolution. For reasons not appearing in the record, appellee chose not to appear at the dissolution hearing and did not appeal the granting of spousal maintenance at that time. Although appellee now feels the award of spousal maintenance was unjust, the principle of res judicata prevents him from obtaining a modification of the award based on facts which could have been raised at the dissolution hearing. However, the doctrine of res judicata does not prevent a person from introducing evidence of circumstances at the time of the dissolution in order to demonstrate a

---

1. We find nothing in A.R.S. § 25–317(F) which alters this conclusion.

change in circumstances since the dissolution. Otherwise, a person could never satisfy the prerequisites needed to modify a support order, as set forth in A.R.S. § 25-327. Although one may argue that proof of conditions as they existed at the time of the dissolution is a heavy burden for a party to bear, it is a burden brought about solely because that party failed to produce evidence at the original hearing or, in this instance, failed to set forth these important facts in the property settlement agreement.

As noted above, the court also made a finding that appellant had recently undergone surgery, and would be employable within three years. If in fact appellant becomes employable, this could constitute a sufficient change of circumstances to modify the spousal maintenance. *See Jarvis v. Jarvis,* 27 Ariz.App. 266, 553 P.2d 1251 (1976); A.R.S. § 25-319. At that time, appellee would be entitled to petition for a modification. However, at the present time any speculation as to what may occur three years in the future is not, by definition, a changed circumstance.

Appellant has also questioned whether the trial court's ordering both parties to bear their own attorney's fees and costs was an abuse of discretion. A.R.S. § 25-324 authorizes a "court from time to time, after considering the financial resources of both parties," to award costs, including attorney's fees. This decision, of course, lies within the sound discretion of the court. *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973). In light of appellant's land holdings and appellee's depleted savings account, our review of the record has not revealed an abuse of discretion.

Due to the trial court's finding of no change of circumstance, it was not authorized to modify appellant's spousal maintenance award. In light of our disposition of this case, which concerned an adult who waived his right to relitigate matters adjudicated in the dissolution proceedings, anything to the contrary in *Alford v. Alford,* 18 Ariz.App. 1, 499 P.2d 732 (1972) is overruled.

Reversed and remanded for proceedings not inconsistent with this opinion.

CAMERON, C. J., and HAYS, J., concur.