604 P.2d 18

**Ann BECK, Petitioner/Appellee,**

v.

**John W. JAEGER,
Respondent/Appellant.**

**No. 2 CA–CIV 3173.**

Court of Appeals of Arizona,
Division 2.

Oct. 10, 1979.

Rehearing Denied Nov. 21, 1979.

Review Denied Dec. 11, 1979.

Harry S. Bachstein, Jr., Tucson, for petitioner/appellee.

Ettinger & Deckter, P. C. by Louis L. Deckter and Nathan A. Parkey, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Judge.

Was it an abuse of discretion to increase support payments for two minor children of the parties from $125 to $225 per month? Appellant contends that it was. We disagree and affirm.

The parties were divorced in January 1974, and pursuant to their agreement, appellant was required to pay $62.50 monthly for each child. Approximately 3½ years later, appellee petitioned for modification. The children were then 10 and 8. At the conclusion of a lengthy hearing, the court entered findings of fact and conclusions of law and ordered the increase of $100 per month.

█ We agree with appellant that a prerequisite to modification of a support order is a showing of changed circumstances which are substantial and continuing. A.R.S. Sec. 25–327(A); *In re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978). A determination as to the sufficiency of changed circumstances is a matter within the sound discretion of the trial court and the reviewing court will not interfere if there is competent evidence to show a change of circumstances. *Scott v. Scott*, 121 Ariz. 492, 591 P.2d 980 (1979).

█ The record reflects sufficient evidentiary support for the trial court's finding of changed circumstances. It expressly found, and such finding is not challenged, that the children's needs were at least $300 per month.

Appellant complains that he is required to bear 75% of the support burden whereas appellee's burden is only 25%.

█ There is a marked contrast, however, between the amount of his earnings and those of his former spouse. She was earning approximately $600 per month whereas his 1977 income was $15,362 and his estimated 1978 income was between $15,500 and $16,500. Appellant's earnings had substantially increased from the time the parties agreed to $125 monthly for child support. In 1973 he had earned only $6,647 and in 1974, only $2,534. Appellee testified that she had agreed to the $125 monthly because at that time appellant had very little income and a great many debts, and she felt "that it would be unreasonable and probably impossible to get anymore money anyway, but unreasonable to ask for more than $125 under the circumstances." This evidence could properly be considered by the trial court in determining the existence of a change of circumstances. *In re Marriage of Rowe*, supra.

█ It is a matter of common knowledge that the cost of living has substantially increased since 1973. Inasmuch as appellant's ability to pay more child support was shown, it was proper for the trial court to consider the increase in the general cost of living as a factor in determining the need for increased child support payments. See Annot., 89 A.L.R.2d 7, Sec. 23 and cases cited therein. Furthermore, the trial court found that $300 was the minimum needed for the children. The record shows appellee's estimated monthly expenses for the children, exclusive of the maid's salary, are more than $400. Such being the case, appellant's share is not disproportionate. His monthly net paycheck of $1,080 was about double appellee's, and his monthly expenses apart from child support, legal fees and debt payments were about $450. Other financial obligations are secondary in the court's determination of the ability to pay child support. A.R.S. Sec. 12–2451(C).

█ Both parties have remarried and their respective spouses are employed. It is true that the earnings of appellee's present husband are not insubstantial. This fact, however, has no bearing on appellant's obligation to support his children. Cf., *Baures v. Baures*, 13 Ariz.App. 515, 478 P.2d 130 (1970).

We find no abuse of the trial court's discretion in requiring appellant to pay an additional $100 per month for child support, particularly in view of the fact that appellee apparently contributed more than appellant to the children's support since 1973.

Affirmed.

HOWARD, J., and THOMAS MEEHAN, Superior Court Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge THOMAS MEEHAN was called to sit in his stead and participate in the determination of this decision.