738 P.2d 779

**In re the Marriage of Daniel RUSKIN, Petitioner/Appellant,**

v.

**Esther Marie RUSKIN, Respondent/Appellee.**

**No. 2 CA–CV 5868.**

Court of Appeals of Arizona, Division 2, Department A.

March 31, 1987.

Review Denied June 2, 1987.

Wolfe & Ostapuk by David R. Ostapuk and David K. Wolfe, Tucson, for petitioner/appellant.

Stompoly & Even, P.C. by James L. Stroud and Leslie J. Cohen, Tucson, for respondent/appellee.

## OPINION

HATHAWAY, Chief Judge.

This appeal is taken from the trial court's denial of a petition to terminate spousal maintenance and the award of attorney's fees. We affirm.

The parties were married in 1952. In December 1964, the Maricopa County Superior Court, upon appellee's petition, granted a decree of separate maintenance. The court granted custody of the minor children of the marriage to appellee, provided for child support, and support for appellee during such time as she was earning less than $100 per month. In July 1972, the parties were divorced. The decree awarded custody of one child to appellant, the other children to appellee, and provided for child support, but no spousal maintenance. In February 1973, appellee petitioned to reopen the decree because she had not been properly served. She petitioned for and was granted an award of spousal maintenance in the amount of $500 per month.

When spousal maintenance was awarded in 1973, appellee was unemployed, had no savings, no medicare or health insurance, was not covered by social security, had no retirement or disability benefits and was caring for three minor children, one of whom was terminally ill. Approximately one year later, after the death of the sick child, appellee began to work and, with the exception of one year, she has been employed since then. She is presently employed at the Veteran's Administration Hospital in Tucson as a dietetic technician, a position she has held since June 1982. The youngest child was emancipated in 1976.

In 1973, appellant was an officer in the armed forces earning a net monthly income of $1,293.88. He retired in August of that year and obtained a public relations managerial position in private industry. In late 1984, before any of his subsequent health problems surfaced, he moved to Arizona. In April 1985, he underwent a quadruple coronary by-pass operation. His doctor advised him not to return to his previous stressful career. In June 1985, he filed a petition to modify spousal maintenance due to changed circumstances requesting that spousal maintenance be terminated. After a hearing, the trial court continued the spousal maintenance at $500 per month and ordered appellant to pay appellee's attorney's fees.

Appellant contends that it was an abuse of discretion for the trial court to continue the spousal maintenance because the evidence demonstrates that appellee is able to support herself and that he is unable to meet his own living expenses. He also argues that it was error to award attorney's fees to appellee.

To justify modification of a support order, a party must first demonstrate substantial and continuing changed circumstances. A.R.S. § 25–327(A); *In re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978). After the court decides to "open the book" because of changed circumstances, it must determine whether the party receiving maintenance is still entitled to that support under the terms of A.R.S. § 25–319. *Norton v. Norton*, 101 Ariz. 444, 420 P.2d 578 (1966).

Appellant first alleges that the undisputed facts demonstrate that appellee has sufficient income to support herself. Therefore, he contends, it was an abuse of discretion for the court to rule that she met A.R.S. § 25–319(A) which provides, in part:

In a proceeding for dissolution of marriage ... the court may grant a maintenance order for either spouse only if it

**506**

finds that the spouse seeking maintenance:

1. Lacks sufficient property ... to provide for his or her reasonable needs; and

2. Is unable to support himself or herself through appropriate employment ... or lacks earning ability in the labor market adequate to support himself or herself.

We view the evidence in favor of appellee and may not disturb the trial court's ruling if any reasonable evidence supports it. *Thomas v. Thomas,* 142 Ariz. 386, 690 P.2d 105 (App.1984).

At the time of trial, appellee's net monthly salary was $1,134.00. She was earning an average of $385.89 a month in interest and dividends. Appellant argues that appellee's total income, before adding in the $500 spousal maintenance, exceeds her monthly expenses. His calculation of her monthly expenses is based solely upon appellee's affidavit which states that her expenses, based upon actual receipts for the previous year, are $1,429.78 a month.

A.R.S. § 25–319(A) refers to the "reasonable needs" of the spouse receiving maintenance. Here, appellee's "reasonable needs" exceed those enumerated on her affidavit. Her house payments, health insurance, utilities and clothing expenses are all increasing. She must replace her 1976 automobile. In 1992, there is a $40,000 payment due on her home. She contributes a minimum of $2000 annually to an IRA retirement account.

Appellee's health is also relevant to the question of whether she can continue to provide for her own reasonable needs. She suffers from severe asthma which at times is life threatening and requires a great deal of medication. The necessary medication has severe side effects including cataracts, high blood pressure, ulcers, and osteoporosis. Appellee already has osteoporosis and its debilitating effects are increasing. The osteoporosis will definitely interfere with her ability to work in the future.

Appellee uses an electric pulmonist breathing machine two to 12 times a day. She attempts to hide her reliance on the machine from her employer because she is afraid of losing her job. She has difficulty at work, because of her poor health, when she has to do much walking, if she has to carry anything or teach a long class. Her doctor testified that she was making a super-human effort by going to work, that most people in her condition would not work. He stated that her health is unstable. Although she has equal one-third chances that her asthma will improve, worsen or stay the same, she will never be cured of it.

Appellee has been saving money, because of her unstable health, toward the balloon payment on her house, the purchase of a new automobile and her retirement. She has accumulated approximately $58,000 in investments and savings. The bulk of these monies are earmarked for her 1992 mortgage payment. She has approximately $7,000 in an IRA and $2,000 is designated as her "new car fund." The balance, $1,631.29 is in her checking account.

■ Given appellee's health and her "reasonable needs," it was not an abuse of discretion for the court to rule that appellee satisfies the requirements of § 25–319(A). Appellee has property available to provide for her needs, but she is not required to exhaust it, leaving herself nothing for the future. *Wineinger v. Wineinger,* 137 Ariz. 194, 669 P.2d 971 (App.1983). Appellee's admirable efforts to remain employed demonstrate that she is doing the best she can, but she still needs maintenance to meet her modest needs.

Appellant next argues that even if appellee meets § 25–319(A), § 25–319(B) requires that the spousal maintenance be reduced or terminated. Section 25–319(B) provides that:

The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant factors, including:

1. The financial resources of the party seeking maintenance ...

\* \* \* \* \* \*

3. The standard of living established during the marriage.

4. The duration of the marriage.

5. The age, employment history, earning ability and the physical and emotional condition of the spouse seeking maintenance.

6. The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance.

\* \* \* \* \* \*

8. The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.

■ The trial court ordered appellee's maintenance continued at $500 a month. The trial judge is in the best position to properly tailor a maintenance award; therefore, we will not interfere with the amount unless it was the result of an abuse of discretion. *In re Marriage of Hinkston*, 133 Ariz. 592, 653 P.2d 49 (App.1982).

Appellant points to his health, his monthly expenses and his diminished income as the crucial factors affecting his ability to pay maintenance and meet his own needs. The monthly expenses that appellant claims for himself and his present wife amount to $5,352.41. We note that the affidavit of expenses he submitted does not include his wife's wages. His retirement income is $3,328 a month. Consequently, he alleges, he cannot even meet his own needs. Appellant argues that appellee could possibly reduce her "discretionary expenses" such as professional dues, gifts for grandchildren and clothing. Appellant does not discuss his own ability to reduce expenses. The trial court could have easily concluded that appellant's claimed expenses were exaggerated and extravagant. Appellant admitted to listing certain duplicative expenses and expenses that no longer exist

Appellant also argues he is unable to work because of his heart condition. Other than enrolling in real estate school, he has not attempted to find a less stressful job. He made a conscious choice when he moved to Arizona and committed his financial resources to a luxury home and expensive cars. By choice, he pays his present wife's mother $100 each month. He cannot avoid his duty to pay spousal maintenance by voluntarily reducing his ability to pay. *Patterson v. Patterson*, 102 Ariz. 410, 432 P.2d 143 (1967).

The trial court allowed appellee a contribution to her attorney's fees from appellant pursuant to A.R.S. § 25–324. Appellant cites this as error because the statute mandates that the court consider the comparative financial resources of the parties and such a consideration can only result in the conclusion that appellee should bear her own fees. The decision of whether to award fees under § 25–324 lies within the court's sound discretion. *In re Marriage of Rowe*, supra. In view of the parties comparative situations, as discussed above, we cannot say that the trial court abused its discretion.

Appellee is awarded her reasonable attorney's fees on appeal upon compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

HOWARD, P.J., concurs.

FERNANDEZ, Judge, dissenting.

I respectfully dissent. I believe the record compels a finding that appellant has met his burden of proving substantial and continuing changed circumstances pursuant to A.R.S. § 25–327(A). In my review of the record, I did not find reasonable evidence to support the trial court's finding that appellee continues to meet the requirements of § 25–319.

It appears that both the majority of this court and the trial court have resorted to speculation as to the length of time appellee will continue to be employed in finding that she still meets the requirements of § 25–319, an impermissible approach under *Scott v. Scott*, 121 Ariz. 492, 591 P.2d 980 (1979) and *In re Marriage of Rowe*, 117 Ariz. 474, 573 P.2d 874 (1978).

I would remand for a determination of whether to reduce the award or to terminate it.