NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHRISTIAN ERIC DOWNUM, *Petitioner/Appellee*,

*v.*

DENISE ELAINE SHAY DOWNUM, *Respondent/Appellant*.

No. 1 CA-CV 17-0693 FC
FILED 9-13-2018

Appeal from the Superior Court in Coconino County
No. S0300DO201300006
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED IN PART;
REMANDED IN PART WITH INSTRUCTIONS**

COUNSEL

Davis Miles McGuire Gardner PLLC, Tempe
By Douglas C. Gardner, M. Preston Gardner
*Counsel for Petitioner/Appellee*

Denise Elaine Shay Downum, Flagstaff
*Respondent/Appellant Pro Se*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1**        Denise Elaine Shay Downum ("Wife") appeals the superior court's denial of her petition to modify spousal maintenance and the judgment entered against her for the overpayment of child support. She also contests the superior court's rulings regarding the division of Christian Downum's ("Husband") retirement account. For the following reasons, we affirm in part and remand in part with instructions.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Wife and Husband were married for over 27 years and they have two children in common, both of whom are now emancipated. In January 2013, Husband petitioned to dissolve the marriage, and in May 2015, the superior court entered a final decree of dissolution. As relevant to this appeal, in the original decree the court awarded Wife lifetime spousal maintenance of $1200 per month, child support of $783 per month until the second child's emancipation, and half of Husband's retirement account accrued during the marriage in the Arizona State Retirement System ("ASRS"). The court ordered the ASRS account to be divided by a Qualified Domestic Relations Order ("QDRO") and ordered Husband to hire an attorney to prepare and file the QDRO within 30 days of the decree. The parties were ordered to "equally pay for the cost of preparing and filing such QDRO."

**¶3**        Before the final decree was entered, Wife and Husband heavily litigated the issue of spousal maintenance. The court entered a final order in February 2014 on the bifurcated issues[1] of legal decision-making authority, parenting time, child support, and spousal maintenance. In the February 2014 order, the court awarded Wife lifetime spousal maintenance

---

[1]        Husband filed for bankruptcy and a stay was imposed on certain issues in the divorce proceeding. After the stay was lifted, the superior court divided the parties' property and debts and issued a final decree.

of $2500 per month. Husband subsequently petitioned to modify spousal maintenance and, following an evidentiary hearing, the court modified Wife's spousal maintenance to $1200 per month for six years in February 2015. Three months later, the court entered the final decree and again modified Wife's spousal maintenance to a lifetime award of $1200 per month.

¶4             Husband appealed the decree to this court, challenging the court's orders on legal decision-making authority, parenting time, spousal maintenance, and the division of property. *See Downum v. Downum*, 1 CA-CV 15-0457 FC, 2016 WL 3176444 (Ariz. App. June 7, 2016) (mem. decision). This court reversed the superior court's modification of the duration of Wife's spousal maintenance award in the decree. We held the superior court failed to explain how there was a sufficient change in circumstances from the February 2015 award to support the lifetime award ordered in final decree. *Id.* at *5–6, ¶¶ 31, 33. This court also remanded the case for the superior court to address Wife's withdrawal of funds from a retirement account in violation of the preliminary injunction. *Id.* at *6, ¶¶ 38, 40. In accordance with this court's mandate, the superior court vacated the decree's spousal maintenance modification, resulting in the February 2015 award of $1200 per month for six years becoming the final controlling order.

¶5             In November 2016, Wife petitioned to modify the spousal maintenance order, arguing Husband's income was greater than the amount the court had previously attributed to him. Wife also argued her ability to obtain employment decreased since the decree was entered, she is less able to be self-sustaining, and she wants to be able to financially support their child while he attends college. After a hearing on Wife's petition, the court found Wife failed to demonstrate a substantial and continuing change in circumstances, *see* Ariz. Rev. Stat. § 25-327(A), and denied the petition.

¶6             After the court denied Wife's petition to modify spousal maintenance, Husband requested his income withholding order for child support be terminated because the parties' youngest child had emancipated after turning 18 years old and graduating from high school. After a hearing requested by Wife, the superior court granted Husband's request. The court also ordered Wife to reimburse Husband $2340 for the overpaid child support and ordered Wife to pay Husband's attorney's fees related to the child support hearing. Wife timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶7        Wife raises three arguments on appeal: (1) the superior court erred by denying her petition to modify spousal maintenance; (2) the court abused its discretion by refusing to enforce the decree's order relating to Husband's QDRO; and (3) the court erred by ordering Wife to reimburse Husband for overpaid child support and to pay Husband's attorney's fees.

**A. The Superior Court Did Not Err by Denying Wife's Petition to Modify Spousal Maintenance.**

**1.  Sufficient Evidence Supports the Court's Findings.**

¶8        We review the superior court's ruling on a petition to modify spousal maintenance for an abuse of discretion. *In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). "We defer to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence." *McClendon v. McClendon*, 243 Ariz. 399, 401, ¶ 8 (App. 2017). Spousal maintenance "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). As the party seeking modification, Wife had the burden of proving changed circumstances from the last support order. *See McClendon*, 243 Ariz. at 401, ¶ 9.

¶9        Wife contends the superior court failed to consider the evidence she presented at the hearing on her petition to modify spousal maintenance and that the court's ruling is unsupported by the evidence. She argues she presented evidence of both parties' substantial and continuing change of financial circumstances. Regarding Husband's changed circumstances, Wife argued Husband's income was greater than the court had previously attributed to him and presented Husband's W2 forms and his paystubs from February, March, and April 2017.

¶10        To determine if Wife presented sufficient evidence of changed circumstances, a court is limited to review only the change in evidence from the last support order. *In re Marriage of Rowe*, 117 Ariz. 474, 475 (1978) (husband was precluded from challenging a default decree's spousal maintenance award absent a change of circumstances from the time the default was entered); *McClendon*, 243 Ariz. at 402–03, ¶ 15 (*res judicata* prevents the party from obtaining a modification based on facts which could have been raised in the previous proceeding). In its February 2015 order, the superior court found Husband's income was $90,942—his contract salary as a tenured university professor. In the summer of 2014, Husband had earned additional income by teaching four classes. However,

the court also found, due to federal budget restrictions and university budget changes, that Husband "now expects few — if any — such additional courses" or contract work. The court therefore calculated Husband's income based on his contract salary alone.

¶11            In her petition to modify and at the hearing, Wife argued Husband's income is greater than his contract salary because he supplements his income with the additional classes and research projects. However, Husband's department chair testified tenured professors are no longer eligible to teach "overload" classes; the university no longer has the funding to allow Husband to continue working on the research project he worked on the year before; and it is uncertain how many, if any, summer or winter-term classes Husband will be able to teach in the future due to decreasing enrollment and a preference for having cheaper non-tenured faculty teach those classes.

¶12            To refute the department chair's testimony, Wife proved that Husband taught two classes in the 2016–17 winter term, and presented evidence that as of April 9, Husband had earned $40,134 in 2017. Based on Husband's 2017 income through April, Wife argued Husband's income was over $142,000 annually, which evidenced a substantial change from the $90,000 attributed to Husband in the current order. The department chair testified, however, that professors receive a lump sum payment in January for classes taught in the winter and an attempt to annualize Husband's salary based on paystubs that include this lump sum payment would result in an incorrect annual salary.

¶13            The superior court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. ADES*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We do not reweigh evidence on appeal and will affirm the superior court's ruling if substantial evidence supports it. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Speculation about future income is not a changed circumstance and is not an appropriate consideration in determining whether to modify a spousal maintenance award. *In re Marriage of Rowe*, 117 Ariz. at 476. Although Husband has been able to supplement his income, Husband presented evidence that he is less likely to continue to be able to do so, and that any future earnings above his contract salary are speculative. Wife did not prove a substantial change in Husband's income from his contracted salary.

¶14            Wife also argues she established a substantial and continuing change in her financial circumstances and therefore the court abused its

discretion by not awarding her lifetime spousal maintenance. The superior court may consider a variety of factors when determining the amount and duration of spousal maintenance. A.R.S. § 25-319(B). Although a lifetime award of spousal maintenance may be appropriate in some circumstances, *see, e.g.*, *Leathers v. Leathers,* 216 Ariz. 374, 377, ¶ 12 (App. 2007), the superior court has substantial discretion in determining the duration of spousal maintenance, *Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993).

¶15        Wife testified about her inability to find employment, her health issues, her contribution to Husband's earning capacity, the parties' relative contributions to their children's education, and her inability to afford her mortgage payment. However, prior to the February 2015 modification of spousal maintenance, Wife presented evidence about her inability to find employment due to her age, her long absence from the labor force, and the job market. She also previously argued her health issues negatively affected her ability to support herself, that she was at risk of losing her home, that she sacrificed her career so Husband could expand his earning capacity, and that she provided more financial contribution to their children's educations than Husband did. The superior court considered these factors in its February 2015 order. Because the evidence and argument Wife presented at the hearing on her petition to modify spousal maintenance had already been presented to the superior court, the court did not abuse its discretion by finding she did not establish a substantial and continuing change of circumstances. *McClendon*, 243 Ariz. at 403, ¶ 16 (petitioner has "the burden to prove changed circumstances arising after the order was entered").

¶16        Wife also argues the superior court failed to consider the termination of Husband's child support obligation and how the termination would affect her income. Child support is derived per the child support guidelines after spousal maintenance is determined, A.R.S. § 25-320 app. § 2(C), and the purpose of child support is to support unemancipated children, A.R.S. §§ 25-500(9), -501(A). When the court ordered spousal maintenance in February 2015, it knew Husband's child support obligation would end in 2018 with the emancipation of the second child. Thus, the termination of child support is not a change in circumstances that could support modifying Wife's spousal maintenance.

¶17        Wife additionally argues the superior court failed to consider, rule on, or make findings of fact on several claims she raised. But she did not object to the adequacy of the court's findings below, and has therefore waived any objection to the sufficiency of the court's findings. *See Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990). In its order denying Wife's petition to

modify spousal maintenance, the superior court referenced the factors listed in § 25-319(B) and found, in part:

> [Wife] did not establish that there was a substantial change in her financial circumstances since the Decree was entered in this case. Moreover, [Husband] did establish, based on his current and expected future income, his current and reasonable expenses, which include making monthly payments to the bankruptcy trustee in the bankruptcy case,[2] and his desire to contribute to the cost of their children's college expenses, he simply does not have the income or funds to pay [Wife] any increase in spousal maintenance.

The superior court appropriately weighed the evidence presented by both parties and judged the credibility of witnesses. *See Jesus M.*, 203 Ariz. at 280, ¶ 4. Because sufficient evidence supports the court's findings, we affirm the court's denial of Wife's petition to modify spousal maintenance. *See Hurd*, 223 Ariz. at 52, ¶ 16.

### 2. Wife Waived Her Remaining Arguments on Appeal Regarding Her Petition to Modify.

¶18 Wife also argues the superior court failed to follow the Arizona Rules of Family Law Procedure, improperly stated it would apply both the Arizona Rules of Evidence and the Rules of Family Law Procedure, and that the court showed partiality toward Husband and his attorney by

---

2 Wife also argues the superior court based its ruling on incorrect "assumptions" about Husband's bankruptcy. Husband testified if his spousal maintenance obligation increases, his ability to make bankruptcy payments could be jeopardized. He also testified if his bankruptcy proceeding is dismissed, then creditors could potentially go after the parties' marital home, which Wife was awarded in the decree and still lives in. Thus, the superior court did not abuse its discretion by considering Husband's bankruptcy obligations. *See* A.R.S. § 25-319(B)(4) (the court may consider the "ability of the spouse from whom maintenance is sought to meet that spouse's needs while meeting those of the spouse seeking maintenance").

sustaining all objections he made.[3] She failed to provide relevant caselaw or record citations to support her arguments and has therefore waived them. *See* ARCAP 13(a)(7); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Moreover, Wife has failed to show how such procedural errors denied her "substantial justice." Ariz. R. Fam. Law P. 86 ("No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court . . . is ground for . . . vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.").

### B. The Superior Court Did Not Err by Affirming the Court's Previous Order Regarding Husband's ASRS Account, But Erred by not Enforcing that Order.

**¶19**      In the decree, the superior court awarded Wife one-half of Husband's ASRS account, ordered Husband to hire an attorney to prepare and file the QDRO within 30 days of the decree, and ordered Wife to pay one-half the cost of preparing the QDRO. The distribution of property following dissolution of marriage is not modifiable. A.R.S. § 25-327(A); *De Gryse v. De Gryse*, 135 Ariz. 335, 337 (1983). Neither party appealed the court's ruling on the distribution of Husband's ASRS account, so the order in the decree is final. *See* ARCAP 9(a) (a notice of appeal must be filed no later than 30 days after judgment is entered). At the time the parties filed their briefs in this appeal, the QDRO had not been filed.

**¶20**      After this court remanded the case back to the superior court, the court ordered the parties to file briefs on the remanded issue of Wife's dissipation of a retirement account. In her brief, Wife raised the issue of the QDRO's preparation, and requested the court issue a new order requiring Husband to retain an attorney to prepare a QDRO by a certain date; that Wife be represented by the same attorney; and that the issue of survivor benefits be decided by the court before the QDRO is prepared. She also requested Husband be ordered to pay all the attorney's fees for preparing

---

[3]      We presume a court is impartial absent evidence to the contrary. *See State v. Copper*, 205 Ariz. 181, 185, ¶ 22 (2003) (quoting *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999)) ("A party challenging a trial judge's impartiality must overcome a strong presumption that trial judges are 'free of bias and prejudice.'"). Wife has failed to show in the record evidence to overcome the presumption.

the QDRO because, she argued, he delayed in complying with the order and she does not have the ability to pay the fees herself.

¶21 On March 22, 2017, at an evidentiary hearing on the remanded issue, the court explained to the parties the division of the ASRS account and preparation of the QDRO was not properly before the court because neither party appealed from that portion of the decree. The court did, however, permit both parties to speak about the QDRO issue before stating it was not going to change the order in the decree and that it would "make orders again today that [the] QDRO has to be prepared within 30 days of today." At the second day of the evidentiary hearing, the court again permitted the parties to speak on the issue and reiterated it was not changing the order in the decree because it was not properly before the court.

¶22 On April 5, 2017, at a status conference on Wife's petition to modify spousal maintenance, Husband stated he hired a lawyer to prepare the QDRO and paid the lawyer $800. The court then ordered Wife to contact the law firm the same day and to pay Husband $400 for her half of the QDRO. Wife moved the court to reconsider the order, which the court denied.

¶23 The superior court correctly held the QDRO requirement was now not modifiable, but erred by not enforcing it. The decree ordered Husband to "engage the services of legal counsel to prepare *and file* [a] QDRO" (emphasis added) and, based on the record before us, it appears he has not filed the QDRO with the superior court as required by the decree. Accordingly, we remand the issue to the superior court to enforce the order in the decree by directing Husband to file the QDRO.

## C. The Superior Court Did Not Err by Ordering Wife to Reimburse Husband for Overpayment of Child Support.

¶24 Wife argues the court abused its discretion by ordering her to reimburse Husband for the overpayment of child support. Three months after the parties' youngest son graduated from high school, Husband requested his income withholding order for child support be terminated. Surprisingly, Wife requested a hearing on the issue. After the hearing, the court ordered Wife to reimburse Husband for the amount of overpaid child support.

¶25 Wife failed to provide this court with transcripts of the hearing on Husband's request to terminate child support. *See* ARCAP 11(c)(1)(B) (the party contesting a judgment, finding, or conclusion must

provide this court with relevant transcripts). If no transcript is provided on appeal, we assume the record supports the superior court's decision. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

**¶26** A superior court may enter judgment for reimbursement of overpayment of child support. A.R.S. § 25-527(B). Husband's income withholding order for child support was terminated in September 2018, and their 18-year-old child graduated from high school in June 2018. Based on the record before us, the superior court did not abuse its discretion by ordering Wife to reimburse Husband for overpayment of child support.[4]

**¶27** The court also awarded Husband a portion of his attorney's fees regarding the child support issue.[5] Wife argues the court awarded Husband attorney's fees "as punishment for her request for a hearing." Wife provides no support for this argument, and an "order of modification or termination [of child support] may include an award of attorney fees and court costs to the prevailing party." A.R.S. § 25-503(E). The court also has discretion to award attorney's fees under § 25-324. The superior court did not abuse its discretion by awarding Husband a portion of his attorney's fees.

---

[4] Wife alternatively argues the superior court erred by ordering her to reimburse Husband $2340, contending she only received $2160 in child support and that the court ignored a Notice of Error in the Calculation in the amount of child support. Wife filed a Notice of Error in the calculation of child support after the court ordered Wife to reimburse Husband $2340. The superior court did not rule on Wife's notice. However, because Wife failed to provide this court with transcripts of the hearing, we must presume the record supports the court's decision. *See Kline*, 221 Ariz. at 572, ¶ 33.

[5] Wife also argues the superior court erred by considering awarding Husband attorney's fees related to litigation of Wife's petition to modify spousal maintenance. Husband requested attorney's fees pursuant to § 25-324. Although the court did not award Husband attorney's fees, under § 25-324 the superior court has discretion to award attorney's fees after considering both parties' financial resources and the reasonableness of their positions. The superior court did not err.

**ATTORNEY'S FEES AND COSTS ON APPEAL**

¶16     Husband requests attorney's fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we decline to award Husband attorney's fees. As the prevailing party, Husband is entitled to costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶28     For the foregoing reasons, we affirm the superior court's order denying Wife's petition to modify child support and the court's order entering judgment against Wife for the overpayment of child support. Consistent with this decision, we remand to the superior court to enforce the QDRO order in the decree.



AMY M. WOOD • Clerk of the Court
FILED:  AA