NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOHN STEVEN WIRTJES, *Petitioner/Appellant*,

*v.*

LISA DIANE WIRTJES, *Respondent/Appellee*.

No. 1 CA-CV 22-0591 FC
FILED 7-27-2023

Appeal from the Superior Court in Maricopa County
No. FN2013-000799
The Honorable Michael Z. Rassas, Judge

**AFFIRMED IN PART, VACATED IN PART, REMANDED**

COUNSEL

Lorona Mead PLC, Phoenix
By Frank R. Mead
*Counsel for Petitioner/Appellant*

Scott L. Patterson PLLC, Tempe
By Scott L. Patterson
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

¶1        John Wirtjes appeals the superior court's order denying his petition to terminate/modify spousal maintenance and awarding attorney's fees to his former wife, Lisa Wirtjes. We affirm as to spousal maintenance, vacate and remand as to attorney's fees, and decline to award either party attorney's fees or costs on appeal.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Because John and Lisa Wirtjes share the same last name, we will refer to them by their first names for clarity. The parties married in 1986 and divorced in 2014. Their decree of dissolution of marriage ("Decree") awarded Lisa spousal maintenance of $1,600 per month for 48 months starting in February 2014 and then $1,000 per month for an indefinite term.

¶3        The superior court explained the reason for its award of spousal maintenance:

> [T]his Court is unable to find that [Lisa] has or will have the ability to achieve long term financial independence. She will be able to do better than she is doing now, but she will still struggle with financial independence. Therefore, an award for an indefinite term is appropriate.

The award was modifiable as to the amount and duration and would terminate upon Lisa's death or remarriage.

¶4        In July 2021, John petitioned to terminate/modify spousal maintenance ("Petition"). He alleged that "Lisa has achieved financial independence with her full-time employment with the Peoria School District and other work as a nail technician since the entry of the [Decree]." He also alleged that she "has established a consistent standard of living similar to what the parties enjoyed during the marriage." Before trial, he requested the superior court make separate findings of fact and conclusions of law under Arizona Rule of Family Law Procedure ("Rule") 82(a).

**¶5** The superior court held trial in April 2022. After closing arguments, the court explained to the parties that the Decree awarded Lisa indefinite spousal maintenance because the court, at that time, believed she would struggle to be self-sufficient. The court also acknowledged that although Lisa was now working full time and had two part-time jobs, her income was still insufficient to support a substantial and continuing change in circumstances. Despite John's suggestion that Lisa earned more than she disclosed, the court observed that Lisa did not live lavishly, had a modest car and home, and only took a vacation when she received funds from the settlement of a lawsuit. The court then took the matter under advisement.

**¶6** Two months later, the superior court issued its ruling denying John's Petition and authorizing Lisa's counsel to apply for an award of attorney's fees and costs. After full briefing on the issue, the court awarded attorney's fees in August 2022.

**¶7** John timely appealed and we have jurisdiction under Section 12-2101(A)(1) and (2).

## DISCUSSION

### I. Sufficiency of the Factual Findings

**¶8** We review the sufficiency of findings of fact *de novo* as a mixed question of fact and law. *Murphy Farrell Dev., LLLP. v. Sourant*, 229 Ariz. 124, 128, ¶ 13 (App. 2012) (as amended). Findings of fact are sufficient when "pertinent to the issues and comprehensive enough to provide a basis for the decision." *Miller v. Board of Supervisors of Pinal Cty.*, 175 Ariz. 296, 299 (1993) (citation omitted). But the superior court need not detail every fact that supports its ruling. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296, ¶ 14 (App. 2020). Instead, it must make findings on the "ultimate facts" or at least those "essential and determinative facts on which the conclusion was reached." *Id.*

**¶9** John argues that the superior court had to make findings on all the "ultimate facts" necessary to resolve the disputed issue because he invoked Rule 82 in a pretrial statement. *See id.* John argues this required the superior court to make findings on Lisa's credibility about her income, before it could determine whether there was a substantial and continuing change in her financial circumstances.

**¶10** Under Rule 82(b), a party has 25 days after the entry of a judgment to request additional findings of fact and conclusions of law. In *Tandor v. Fredrickson*, our supreme court explained that challenges to the

sufficiency of factual findings are waived when a party fails to request factual findings at the superior court. *See* 179 Ariz. 299, 301 (1994) ("But by failing to [request factual findings], a litigant is not in the position to complain about how helpful findings would have been on appeal."); *see also Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) ("A litigant must object to inadequate findings of fact . . . at the trial court level so that the court will have an opportunity to correct them.").

¶11        John argues *Elliott* and *Tandor* are distinguishable, citing *Murphy Farrell* to argue that no post-trial motion was needed to preserve this issue for appeal because he requested these findings of fact in his pretrial statement. But in *Murphy Farrell*, the plaintiff requested findings of fact and conclusions of law in a post-trial motion, preserving the issue for appeal. 229 Ariz. at 129, ¶ 15. Thus, John waived this argument because he failed to request findings of fact in a post-trial motion.

## II.        Spousal Maintenance Modification

¶12        The party seeking a modification of spousal maintenance has the burden of proving changed circumstances by a preponderance of the evidence. *Van Dyke v. Steinle*, 183 Ariz. 268, 278 (App. 1995); A.R.S. § 25-327(A). The court must first look to the decree to assess the circumstances at the time of the divorce when the current spousal maintenance order was established. *MacMillan v. Schwartz*, 226 Ariz. 584, 588, ¶ 12 (App. 2011). Without any finding of changed circumstances, the court cannot modify the spousal maintenance award in a dissolution decree. *In re the Marriage of Rowe*, 117 Ariz. 474, 475 (1978).

¶13        The superior court has the discretion to determine whether a substantial and continuing change in circumstances merits a modification of spousal maintenance. *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989). The court abuses its discretion when the record fails to substantially support its decision or when the court commits an error of law in reaching its decision. *In re Marriage of Robinson*, 201 Ariz. 328, 331, ¶ 5 (App. 2001).

¶14        John cites *Huey v. Huey*, 253 Ariz. 560 (App. 2022) to argue that the superior court abused its discretion by not modifying the spousal maintenance order to at least a fixed term. In *Huey*, we considered whether the court was authorized to award indefinite spousal maintenance when the receiving spouse could not be self-sufficient due to a temporary disability. *Id*. at 564, ¶ 18. At trial, the wife's expert witness testified that although the duration of her disability remained unclear, her disability was

not permanent, and we held that a temporary illness did not support an indefinite spousal maintenance award. *Id*. at 563, ¶ 10.

**¶15**        *Rainwater v. Rainwater* provides a better analogy. In *Rainwater,* we affirmed the superior court's award of indefinite spousal maintenance based on the receiving spouse's earning power in relation to the standard of living established during the marriage. 177 Ariz. 500, 504 (App. 1993). We reasoned that wife had contributed financially to the husband's education, supported him in his career, and was the primary caretaker for the parties' two children. *Id*. And at the time of divorce the parties had significantly different incomes — the husband earned more than five times what the wife was earning. *Id*. at 502. Under those facts, we affirmed the indefinite spousal maintenance award for a term sufficient for the wife to obtain her bachelor's degree and a reduced award indefinitely. *Id*. at 504.

**¶16**        The record here similarly established that Lisa supported John's career, was the primary caretaker for the parties' children, and would continue to struggle to meet her reasonable needs. Unlike *Huey*, the indefinite spousal maintenance award did not result from a temporary disability but was based on Lisa's financial circumstances and earning capacity at the time of the Decree.

**¶17**        The record supports the superior court's finding that, at the time of trial: Lisa's gross monthly income only increased $200 since the dissolution; she was living within her means and did not have extravagant expenses; and without continuing spousal maintenance, Lisa would be unable to meet her modest monthly expenses. Based on this record, the court did not abuse its discretion by not modifying spousal maintenance to a fixed term.

## III.    Sufficiency of Attorney's Fees Findings

**¶18**        John argues the superior court abused its discretion by awarding Lisa attorney's fees based on its findings of a financial disparity between the parties. We review the award of attorney's fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014); *Macmillan*, 226 Ariz. at 584, ¶ 36. The court must consider the parties' relative financial resources and the reasonableness of their positions. A.R.S. § 25-324. To qualify for an award of attorney's fees from a financial perspective, an applicant must establish some level of disparity, not that he or she is poor. *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 12 (App. 2004).

**¶19** The record supports the court's findings that John earned around $9,000 per month and Lisa earned $2,000 per month. These findings alone establish a financial disparity between the parties. *See id.*

**¶20** John next argues that the superior court abused its discretion by finding that he had acted unreasonably in the litigation. Noting that the court faulted him for "fil[ing] this [P]etition without first having a true and accurate understanding of Wife's income, expenses and standard of living," John argues that the court's ruling forced him to challenge Lisa's financial condition without granting access to her financial records.

**¶21** Similarly, in *Huey* we observed father lacked information to determine whether he could challenge the basis of the spousal maintenance award. *Huey*, 253 Ariz. at 563, ¶ 11. Our reasoning in *Huey* applies equally to this case, in which John had only limited access to Lisa's financial information. And in this context, John's decision to challenge the spousal maintenance award without a full understanding of Lisa's finances is not in itself unreasonable.

**¶22** John testified that he knew Lisa had a permanent position at the school, was working as an auctions clerk, had bought a home and a car after their divorce, had a long-term domestic partner, and had eight years to find a higher paying job. This record does not support the court's finding that he acted unreasonably in seeking to terminate or modify spousal maintenance.

**¶23** A party need not show both a financial disparity and an unreasonable opponent to qualify for consideration for an award of attorney's fees. *Magee*, 206 Ariz. at 591, ¶ 8 n. 1. But because the superior court did not apportion its attorney's fees award between these two grounds, we cannot determine whether the court would have awarded fees in the same amount based on the parties' financial disparity alone. *See, e.g.*, *id*. at 593, ¶¶ 19–22 (upholding an award of attorney's fees to the party with fewer financial resources despite the other party having taken reasonable positions during the litigation); *Mangan v. Mangan*, 227 Ariz. 346, 352–53, ¶¶ 26–28 (App. 2011) (upholding an award of attorney's fees to the party with greater financial resources because the other party took unreasonable positions during the litigation). Thus, we vacate the award of attorney's fees and remand for the court to reconsider Lisa's request for an award of attorney's fees consistent with this decision.

## Attorney's Fees and Costs on Appeal

**¶24** Lisa requests her attorney's fees on appeal under Section 25-324(A), and John requests his attorney fees and costs under ARCAP 21. After considering their financial resources and the reasonableness of their positions, we exercise our discretion to decline to award attorney's fees or costs on appeal. A.R.S. § 25-324(A); ARCAP 21.

## CONCLUSION

**¶25** We affirm the superior court's order on spousal maintenance. But vacate and remand for the court to determine attorney's fees consistent with this decision.

