NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MATTHEW JAMES WHALEN, *Petitioner/Appellant*,

*v.*

KARLA CHRISTINE WHALEN, *Respondent/Appellee*.

No. 1 CA-CV 24-0580 FC

FILED 03-11-2025

Appeal from the Superior Court in Maricopa County
No.  FN2022-000696
The Honorable Amy Michelle Kalman, Judge

**REVERSED**

COUNSEL

Cohen Family Law, PLLC, Phoenix
By Mitchell E. Cohen
*Counsel for Petitioner/Appellant*

Maricopa County Attorney's Office, Phoenix
By Sean M. Moore
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Judge Paul J. McMurdie joined.

---

**B R O W N**, Judge:

¶1 Matthew Whalen ("Husband") appeals the superior court's order granting Karla Whalen's ("Wife") petition to modify spousal maintenance. Because Husband raises debatable issues and Wife failed to file an answering brief, she has confessed error. We therefore reverse the court's order.

## BACKGROUND

¶2 Husband and Wife married in 2008. Husband, age 50 at the time and residing in Arizona, petitioned for dissolution of the marriage in February 2022. Husband had been diagnosed with Parkinson's disease approximately seven years earlier and became "permanently disabled." Husband's only source of income was $1,680 per month from social security disability benefits. Wife, age 46 and residing in Florida when the petition was filed, had been diagnosed with multiple sclerosis several years earlier, and more recently her health condition worsened, with "more lesions" in her brain. She is employed in Florida as a telecommunications manager.

¶3 Wife was served with the petition for dissolution in Florida. She consulted a Florida attorney, who told her that responding to the petition would "relinquish jurisdiction" to Arizona, and that if she did not respond the Arizona court could not order division of property or debts, award spousal maintenance, or award attorneys' fees. When Wife failed to respond, Husband applied for entry of default. Wife received Husband's application and promptly contacted the Florida attorney, leaving several messages. She did not receive a response, and because of deteriorating health issues, she put "the divorce out of her mind."

¶4 Husband testified at the subsequent default hearing but did not discuss Wife's living expenses or the amount of debt each of them would be taking on individually. The superior court issued a default dissolution decree, ordering Wife to pay Husband $3,100 each month for 13 years (rather than indefinitely as Husband had requested) and assigned the

parties "any and all debts in their respective names." The debt division ultimately resulted in about $90,000 of debt allocated to Wife and $47,000 allocated to Husband.

**¶5**        Wife moved to set aside the default decree under Arizona Rule of Family Law Procedure 85, asserting the decree was void because Husband's application for default was legally deficient, the decree was "harsh, unfair and inequitable," and Wife's failure to respond was excusable neglect because of the bad legal advice she received. Wife did not include a transcript of the default hearing with her motion to set aside, which the superior court summarily denied. Nothing in the record indicates that she appealed the ruling.

**¶6**        In February 2023, Husband petitioned to enforce the spousal maintenance award, claiming Wife had made no payments. Less than a week later, Wife petitioned to modify the spousal maintenance award, asserting "a substantial and continuing change pertaining to her monthly expenses[,] income[,] and ability to make the monthly spousal maintenance."

**¶7**        At an evidentiary hearing addressing both petitions, Wife testified she could not afford spousal maintenance payments because her monthly income only covers her living expenses and debt payments. Wife discussed her multiple sclerosis, including its progression in 2022, but she did not explain whether the 2022 diagnosis occurred before or after the issuance of the decree.[1] She explained that she recently entered a clinical trial to treat her condition, which requires her to follow a specific diet and pay for physical therapy. When combined with her other living expenses, Wife claimed to have little, if any, discretionary income. She also highlighted the effect of the debt allocation from the default decree. Though she acknowledged that most of the debts she currently held existed at the time of the default decree, she testified that she could not afford to pay the minimum payments on the debts and pay for her living expenses if she was required to pay $3,100 monthly for spousal maintenance.

**¶8**        The superior court granted Wife's petition. The court rejected Wife's position that the default decree is unfair, explaining that a request for modification is not the appropriate method for making such a

---

[1]        In her motion to set aside, Wife indicated she was diagnosed sometime between May and June of 2022, which would have preceded the default decree, but at no point did she specify a date when the diagnosis occurred.

determination and that a different judge had already rejected Wife's motion to set aside. The court then determined that because "inaccurate information used to create an original order may be a basis for modification," and the commissioner who granted the default decree "did not have access to the information about Wife's chronic illness, the impact on her living expenses, and the extent of the debt she would be absorbing due to the decree," modification was proper.

**¶9** The court reduced Wife's monthly spousal maintenance payments to $750 per month, effective March 1, 2023. The court found Wife in contempt for failing to pay any spousal maintenance, concluding that she owes $37,135.83 in arrears and ordered a purge payment of $3,000. The court also ordered Wife to pay $10,000 for Husband's attorneys' fees and costs. Husband timely appealed the court's modification order, and we have jurisdiction under A.R.S. § 12-2101(A)(1), (2).

## DISCUSSION

**¶10** Husband argues the superior court erred in modifying Wife's spousal maintenance obligation because she failed to show a substantial and continuing change of circumstances. Whether a party has made that showing is a question of fact, and we will reverse the superior court's determination only if the court abused its discretion. *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989). To obtain a modification, Wife needed to show that her or Husband's circumstances presented at the modification hearing had substantially changed from those at the time of the default decree. *See McClendon v. McClendon*, 243 Ariz. 399, 402, ¶ 10 (App. 2017). The change in circumstances required to modify spousal maintenance refers to economic circumstances. *Smith v. Mangum*, 155 Ariz. 448, 451 (App. 1987).

**¶11** Here, we apply this standard of review and analyze Husband's arguments through the lens of Wife's failure to file an answering brief. *See In re Matter of Sedillo v. Cooley*, 1 CA-CV 24-0428 FC, 2025 WL 274146, at *2 (Ariz. App. Jan. 23, 2025) (mem. decision). When an appellant raises debatable issues and no good cause is shown for an appellee's failure to respond, we construe the appellee's failure to file an answering brief as a confession of reversible error. *Nelson v. Nelson*, 91 Ariz. 215, 218 (1962); *Mower v. Street*, 79 Ariz. 282, 283 (1955). Arizona courts have not precisely explained what makes an issue "debatable" but have found such issues when it would require significant work to refute the opening brief, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915), or where the opening brief raises legal issues that courts have not yet resolved or on which there are conflicting legal authorities, *Campbell v. Malik*, 9 Ariz. App. 562, 563 (1969). On the

other hand, if the superior court clearly did not err, we need not rely on confession of error. *See Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980).

¶12    Nothing in our appellate record indicates that Wife had good cause for failing to substantively address Husband's appeal. Because she failed to file an answering brief, this court issued an order explaining that although Wife had filed a letter on November 5, 2024 (the due date for the answering brief), the letter was struck from the appellate record because it was not signed and did not include a certificate of service. At the same time, Husband responded to the letter and asked that the appeal be submitted based on the record and the opening brief. Wife did not respond to Husband's request. Noting that this court had not received an answering brief or a motion for an extension of time, this court granted Husband's request and ordered that the appeal be submitted "for decision on the record and the opening brief." Thus, we turn to whether the issues Husband raises are debatable.

### A.    Debt and Illness Considerations

¶13    Husband argues Wife did not meet her burden of proving a change in circumstances required to support modification, specifically regarding her debt burden and illness. This question is debatable because it is unclear from the record whether Wife presented sufficient evidence to allow the court to modify spousal maintenance. We agree with Husband that Wife could not rely on evidence that she could have raised in opposition to the original default decree. *See In re Marriage of Rowe*, 117 Ariz. 474, 475 (1978). As Wife acknowledged at the modification hearing, most of her debts were the same as those allocated by the default decree, and the balances had not changed much since the decree was issued. Wife could not establish a change in circumstances by merely pointing to her debt burden.

¶14    To modify the spousal maintenance award, Wife needed to provide evidence showing her circumstances at the time of the modification hearing were substantially different from those at the time of the default decree. She testified that in 2023, she entered a clinical trial to treat her multiple sclerosis, resulting in higher monthly food costs. However, she contravened this testimony by affirming that her monthly food expenses were the same as reflected in her affidavit of financial information, which she submitted before entering the clinical trial. Wife also testified that her clinical trial required her to pay for physical therapy, but she never quantified the impact this had on her monthly expenses.

¶15 As to debts, the primary testimony Wife provided about post-decree changes concerned a student loan for her and Husband's adult child that the default decree allocated to Wife. That loan was in reprieve at the time of the default decree, but payments eventually resumed in 2024. Whether this could qualify as a substantial change in circumstances is questionable, as it would have been foreseeable at the time of the default decree that payments would one day resume. *See Marquez v. Marquez*, 132 Ariz. 593, 595 (App. 1982) (finding that appreciation of property was a "reasonably foreseeable" change in circumstance and thus could not support modification of spousal maintenance). Moreover, given that the monthly payment is $219 per month, it is debatable whether this would be a *substantial* change in circumstances. *Id.* (determining that a small reduction in spouse's income was not a substantial change in circumstances). Because the record does not clearly demonstrate that the court had substantial evidence to find a substantial and continuing change in circumstances, Wife has confessed that reversible error occurred.

## B. Inaccurate Information

¶16 Husband also argues the superior court erroneously determined that it could find a change in circumstances warranting modification of spousal maintenance on finding that the court which issued the original decree and award had inaccurate information. We agree.

¶17 No law states that a court can modify spousal maintenance simply because inaccurate information was used to determine the existing spousal maintenance award. To modify spousal maintenance, the party seeking modification must show a "substantial and continuing" change in circumstances. A.R.S. § 25-327(A). But parties cannot make that showing by circumventing the principles of claim preclusion. *Marriage of Rowe*, 117 Ariz. at 475. A party may use that evidence to show their circumstances at the time of the previous order, and that their current circumstances differ substantially, but allegedly inaccurate or incomplete information cannot provide an independent basis for modification. *See id.* at 475–76.

¶18 Here, the superior court determined that "inaccurate information used to create an original order may be a basis for modification." In doing so, the court relied on this court's decision in *Birnstihl v. Birnstihl*, 243 Ariz. 588, 592, ¶ 13 (App. 2018), which held that "claim preclusion does not prevent a court from considering a parent's contention that a modification of child support is warranted based on incorrect information used in a previous calculation." Because modifications to spousal maintenance and child support are governed by

A.R.S. § 25-327, the superior court concluded that *Birnstihl*'s holding also applies to spousal maintenance. And because the commissioner who conducted the default hearing "did not have access to the information about Wife's chronic illness, the impact on her living expenses, and the extent of the debt she would be absorbing due to the decree," the court determined it could modify the prior spousal maintenance award on this basis.

**¶19**           *Birnstihl*, however, made it clear that spousal maintenance and child support "are considered under different laws" and orders for both "involve distinct considerations." *Birnstihl*, 243 Ariz. at 593, ¶ 18 n.2 (citations and quotations omitted). This court relied on the Arizona Child Support Guidelines, A.R.S. § 25-320 app., in determining that principles of res judicata do not prevent child support modification on the grounds of incorrect information provided at a prior hearing. *Birnstihl*, 243 Ariz. at 591–92, ¶¶ 9-14. But we are unaware of any similar authority that would prevent claim preclusion from applying to modification of spousal maintenance.[2] At the very least, a debatable issue exists whether the court misapplied the law in accepting Wife's claim that the commissioner who issued the default decree did so based on inaccurate information about Wife's economic circumstances. Thus, Wife has also confessed reversible error on this issue.

---

[2]     The Arizona Spousal Maintenance Guidelines ("Spousal Guidelines") do not apply here because the original dissolution decree was issued before the effective date of those guidelines. Spousal Guidelines § VIII(D). Moreover, the Spousal Guidelines do not include the provisions of the Child Support Guidelines which the court in *Birnstihl* relied on. Spousal Guidelines § VIII.

## CONCLUSION

**¶20** Based on the record and Wife's confession of error, we reverse the superior court's order modifying the spousal maintenance award. After considering the factors under A.R.S. § 25-324(A), we deny Husband's request for attorneys' fees, but we award him taxable costs subject to compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JR