292 P.2d 838

Carol Neal Malott ROBERTS, Appellant,

v.

James R. MALOTT, Jr., Appellee.

No. 6030.

Supreme Court of Arizona.

Jan. 31, 1956.

Rehearing Denied Feb. 28, 1956.

Lester J. Hayt, Phoenix, for appellant.

Shimmel, Hill & Cavanagh, Phoenix, for appellee.

STANFORD, Superior Court Judge.

On September 11, 1948, the appellant, Carol Neal Roberts, plaintiff below, was granted a decree of divorce from defendant-appellee, James R. Malott, Jr., and was awarded the custody of their children, James and Lucinda, who were at that time 8 and 5 years of age, respectively. Defendant was ordered to pay to plaintiff as and for support and maintenance of these minor children the sum of $75 per month for each child, or a total of $150 per month notwithstanding the defendant was entitled to have the children in his custody during vacation periods. Defendant was also ordered, in the event the plaintiff should marry again, to purchase a $25 (face value) U. S. Defense Bond for each child each month. Plaintiff has remarried, and this provision has been effective since 1950.

Defendant was further ordered to pay any extraordinary medical bills incurred by the children. He was also required to keep in force and pay premiums on a $5,000 life insurance policy in which the children were

named as beneficiaries; also to retain the children as primary beneficiaries of half of his $10,000 National Service Life Insurance policy until the younger of the children attained the age of 23.

On June 25, 1954, the plaintiff filed a petition to modify the decree, asking that the defendant be required to pay $250 per month for each child for support and maintenance. Upon the hearing of the petition for modification, the court increased defendant's monthly payments to the plaintiff for the support of each minor child from $75 to $100 per month. Since June of 1954 defendant had voluntarily been paying this increased amount. The court also ordered defendant to pay the plaintiff the sum of $200 as and for attorney's fees incurred in this proceeding.

Plaintiff appeals from these orders on the ground that the court abused its discretion in allowing only these amounts and presents two assignments of error. The first is that the trial court abused its discretion in increasing the $150 monthly allowance for the support and maintenance of the two children by only $50 per month.

The second assignment of error is that the trial court abused its discretion in allowing only $200 for plaintiff's attorney's fee.

In determining whether there has been an abuse of discretion—i. e., whether as a matter of law the allowances for support and maintenance and for attorney's fee were inadequate—we must first determine whether from the record before us it appears that the decision of the trial court is supported by competent evidence. In testing the sufficiency of the evidence it will be taken in the strongest manner in favor of the appellee and in support of the court's findings, and a judgment will not be disturbed when there is any reasonable evidence to support it. Kenton v. Wood, 56 Ariz. 325, 107 P.2d 380.

The facts are not in serious dispute. The only evidence as to the needs of the children was offered by the plaintiff. Since her divorce the plaintiff has remarried and she and the two children live with her husband in Castro Valley, California, about 50 miles from San Francisco. The plaintiff's present husband is a vice-principal in San Leandro High School and has a salary of $466 a month. They also receive $30 per month from rental property and $15 per month from an oil royalty.

In itemizing the estimated monthly expenses for the children, the plaintiff allocated $188.50 to the children as being their share of the total sum of $377 for house payments, utilities, water, phone and food. The boy's clothing expense was listed at $22.08 per month and the girl's as $27.66 per month. Shoes and shoe repair were $11.25 per month. The sum of $37.50 per month, being one-half of the expense of maintaining an automobile, is attributed to the children. Dancing and music lessons were listed at $48.50 per month. Maga-

zines, parties and trip equipment, and summer camp were listed at $10.50 per month; school lunches at $16 per month; entertainment at $31 per month, and medical and dental expenses at $10 per month. These items, together with some miscellaneous matters, totaled $438.65 for the expenses incurred per month and attributed as legitimate expense of maintaining the two children. In arriving at this total the plaintiff stated that she made no allowances for birthday parties, gifts, tickets to symphony, ballet or opera or better summer camps.

As to the increase in the ability of the father to pay for support of his children, the evidence showed that for 1948, the year the divorce was granted, the defendant's income was $10,910.26. His average annual income for the five years after the divorce was $17,623.36.

The governing statute, section 27–811, A.C.A.1939, reads as follows:

"The court may from time to time after the entry of final decree, on petition of either party, amend, revise and alter such portions of the decree as relate to the payment of money for the support and maintenance of the wife or the expenses of the proceedings, as may be just, and amend, change or alter any provision therein respecting the care, custody or maintenance of the children of the parties as the circumstances of the parents and the welfare of the children may require."

It is evident that the defendant is now in a much better financial condition. However, the change in the amount of support for the minor children also depends upon what the welfare of the children may require. The trial court evidently believed that the circumstance of the defendant and the welfare of the children warranted an increase of support of only $25 per month per child.

This court has often held that the trial judge is in the best position to determine what is best for the child, and unless it appears very clearly that he has mistaken or ignored the evidence or failed to evaluate it, we will not disturb his decision on that vital question. Burk v. Burk, 68 Ariz. 305, 205 P.2d 583; Gotthelf v. Gotthelf, 38 Ariz. 369, 300 P. 186; Bradstreet v. Bradstreet, 34 Ariz. 340, 271 P. 717. In examining the testimony of the plaintiff, there is evidence from which the trial judge could reasonably infer that any more than $200 per month for support of two children aged 14 and 11 years would be unreasonable and improper and not to their best interests. That this court might come to a different conclusion from a reading of the cold record would not justify us in substituting our judgment for that of the person the law has designated to try and determine the facts. Leeker v. Leeker, 23 Ariz. 170, 202 P. 397.

Regarding plaintiff's second assignment of error, it appears that plaintiff's

attorney spent two days conferring with her and also engaged in lengthy correspondence and presented the matter at trial. Her attorney also spent time in research and conferences with opposing counsel and the court. We are of the opinion that the trial court's awarding an attorney's fee of only $200 constituted an abuse of discretion as being wholly inadequate for the services rendered. Where, as here, all of the facts are before us, this court under the provisions of section 12–2103, A.R.S. 1956, has the power to

"* * * modify a judgment or order appealed from, and may render such judgment or order as the court below should have rendered * * *."

See also, 27 C.J.S., Divorce, § 289. We therefore direct that the order allowing but $200 as attorney's fees be modified by increasing the amount to $500. The order as to support money for the children is affirmed. Plaintiff is to recover her costs on this appeal.

UDALL, WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., disqualified, having been the trial judge, and the Honorable R. C. STANFORD, Jr., one of the Judges of the Superior Court was called to sit in his stead.

LA PRADE, Chief Justice (concurring in part and dissenting in part).

I find myself in a position of not being able to agree with the disposition being made in this case on the question of support money for children. The facts as recorded in the majority opinion speak for themselves. This father after income taxes has a net income of approximately $15,500 per annum. Out of income under the judgment he is compelled to pay for the support of his two teen-age children $2,400 per year for support and $750 per year for bonds and insurance premiums for the children's ultimate benefit, leaving him a net of $12,-350. By the evidence it very plainly appears that the mother's present husband, a school teacher, is, by force of circumstances, in no small part furnishing the cost of rearing and supporting defendant's children. The amount furnished by the defendant-father does not adequately furnish the roof, heat, light, water, gas, clothing, food, recreation, transportation, music lessons, medical and dental attention required and consumed by his children. The appellant, her husband and the two children live in a modest 3-bedroom, 1-bath home, being purchased under contract, with monthly payments of $145. The husband's monthly salary as a school teacher, is $466 per month. The family has two old cars, owned separately before marriage, one of which the husband uses in his profession

and the other is used as a family car by the wife and children. These cars entail expense and will ultimately have to be replaced.

What is defendant's legal duty in this respect, aside from his moral obligation? In Branham v. State, 33 Ariz. 170, 180, 263 P. 1, 4, we quoted with approval the rule laid down in State v. Waller, 90 Kan. 829, 136 P. 215, 49 L.R.A.,N.S., 588, where it was said:

"'He is obliged to provide such a place of abode, such furniture, such articles of food, wearing apparel, and use such medicines, medical attention and nursing, such means for the education of children, and such social protection and opportunity as comport with the health, comfort, welfare, and normal living of human beings according to present standards of civilization, *considering his own means, earning capacity, and station in life.*'" (Emphasis supplied.)

An allowance for support of children should be reasonable. What is "reasonable" depends upon the ability of the husband to pay as well as the children's necessities. The amount thereof must be governed by the circumstances and facts of each case. 27 C.J.S., Divorce, § 319(h). The evidence clearly shows a marked increase in the needs and expenses of the growing children of the parties. These expenses were outlined in detail by the plaintiff, and no evidence was offered by defendant to refute their accuracy, honesty or completeness.

In view of all the facts and circumstances I am of the opinion that the trial court abused its discretion.

"The term 'abuse of discretion' does not mean any reflection upon the presiding judge and does not carry with it an implication of conduct deserving censure, but is strictly a legal term indicating that the appellate court is of the opinion that under the circumstances the trial judge committed error of law in the exercise of his discretion." 1 Words and Phrases, Abuse of Discretion, p. 182. Quoted with approval in Brown v. Beck, 64 Ariz. 299, 303, 169 P.2d 855.

In a recent Idaho case the court held that it was an abuse of discretion for a court to award a child only $25 per month for support when it appeared that the father, a member of the armed services, was receiving a salary of $126 per month after all deductions for family allowance. This enlightened court said:

"When we consider the ability of the respondent to pay, the present high cost of living, the needs of a growing boy, and other surrounding facts and circumstances, it is apparent that the

amount allowed is inadequate, and the appellant should be awarded the sum of $50.00 per month, commencing August 1, 1949, for the support of the child. * * *" Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 953, 21 A.L.R.2d 1159.

To rule that a father and his second wife, with no other dependents, needs $12,350 per year, and that his two growing teen-age children need only $2,400 per year for both of them, tends to establish a false standard of child support in this state.

I agree with the majority that the learned trial judge abused his discretion in allowing appellant an attorney fee of only $200. All of us readily agree that this allowance was wholly inadequate and unreasonable. It is my opinion that the trial judge used the same yardstick of unreasonableness in attempting to arrive at a reasonable allowance for the support of the children that he used in fixing the allowance for attorney fees. Its use and confirmation by the majority leaves the graver of the two wrongs unredressed.

A careful consideration of the entire record, the situation of the parties, the defendant's financial standing and earning capacity, leads me to conclude that the defendant should be required to pay at least $350 per month for the current support of his two children in addition to the fringe benefits which he is providing.