438 P.2d 445

**Paul W. HELLER, Appellant,**

v.

**C. Clarice HELLER, Appellee.**

**No. I CA–CIV 545.**

Court of Appeals of Arizona.

March 18, 1968.

Rehearing Denied April 5, 1968.

Review Denied May 7, 1968.

Johnson & Shaw, by Marvin Johnson, Phoenix, for appellant.

Alan Philip Bayham and Raymond Huffsteter, Phoenix, for appellee.

CAMERON, Chief Judge.

This is an appeal by the defendant-husband from the judgment of the trial court after hearing upon an order to show cause why the defendant-husband should not be held in contempt for failure to pay arrears in support payments and otherwise comply with a previous decree of divorce.

The sole question presented to this Court is whether there was an abuse of discretion by the court in awarding counsel for the plaintiff-appellee said sum as and for attorney's fees arising out of the hearing of 19 January 1966.

On 25 July 1961 a decree of divorce was granted by the Maricopa County Superior Court. On 9 September 1965 the husband filed a petition to modify the decree. The wife filed an amended petition seeking to hold the defendant-husband in contempt. There was a hearing 10 November 1965 which lasted one trial day. At the close of the hearing the following transpired:

> "Mr. Bayham: Your Honor, there is one question I would like to be sworn relative to the time I have in this matter, because I would testify that I have over three hundred hours advising counsel over the telephone in California, searching, confirming with investigators to try and get the myriad of transactions that this man is involved in available and presented to Your Honor, and this would go in conjunction with the attorney's fees in California.
>
> "The Court: Well, now, you may put that in the form of an affidavit, but would you like to cross-examine him concerning that?
>
> "Mr. Wilson: No.
>
> "The Court: Why don't you attach it in an affidavit?
>
> "Mr. Bayham: Fine."

The court took the matter under advisement, and on 19 January 1966 an order was entered finding the husband in contempt and awarding counsel for the wife attorney's fees in the sum of $8,705.65.

It is the contention of counsel for the defendant-husband that this amount is attributable to a one day trial in court and is so excessive and so shocks the conscience as to be an abuse of the trial court's discretion.

The attorney for the wife points out that the defendant was worth from $800,000 to $1,000,000 at the time of the divorce, and that prior to the hearing the husband had failed to pay alimony and support payments for five and one-half months; had taken the wife's automobile and refinanced it for a new car and then refused for six months to make the payments; that the wife was faced with the need for medical attention; and that the defendant had allowed several properties in joint tenancy to go to default and had lost the properties to the detriment of the wife; and that numerous depositions were taken and discovery work done in Arizona, California, and Illinois to disclose appellant's net worth and true financial situation in preparation for the trial of his order to show cause. The file before this Court contains in addition to the Reporter's Transcript at the hearing some nine depositions taken in California and one in Chicago, Illinois; various reports and extensive financial statements in evidence which had to be perused by the attorney, as well as analysis of the complex trust provisions of which the husband was the beneficiary; request for admissions; and other matters from which the trial court could reasonably find that the husband was doing everything in his power to impede the discovery of his true financial worth. Our Supreme Court has stated regarding attorney's fees after judgment:

> "The evident purpose of these statutes is to insure that the wife may have the proper means to litigate a pending divorce action and the provisions of Section 25–315 and Section 25–321, should be construed together to give effect and meaning to both. We hold that Section 25–321 extends the jurisdiction and gives the Court power to determine the certain matters therein enumerated after judgment and as to those matters the action is still pending within the meaning of the provisions of both sections. Pendente lite orders still

have their place in obtaining advance costs and fees, but the judgment plays its part in the determination of the matters involved and the inequities arising therefrom may be corrected in proceedings after judgment." Kingsbery v. Kingsbery, 93 Ariz. 217, 227, 379 P.2d 893, 900 (1963).

And:

> "The husband assigns as error in his cross-appeal the fact that the court allowed the wife's counsel $10,000.00 to be paid by the husband in addition to the $5,000.00 as a pendente lite fee, making a total attorney's fee of $15,000.00. The husband further complains that he was ordered to pay the accountant employed by the wife the other costs of litigation of the wife in the total sum of $5,187.33.
> * * *
> "Attorney's fees for the wife in a divorce action are within the sound discretion of the trial court." Spector v. Spector, 94 Ariz. 175, 184, 185, 382 P.2d 659, 665 (1963). See also Barnett v. Barnett, 95 Ariz. 226, 388 P.2d 433 (1964).

 It may well be that were this Court deciding the matter at trial it would award a different amount as and for attorney's fees. That, however, is not the question before us. The question is whether the trial court's determination was an abuse of its discretion, and we do not feel that it was under the circumstances. The trial court had an opportunity to hear counsel and observe the demeanor of the witnesses and form an opinion concerning the amount of work necessary in bringing the matter before the court, and we do not feel under the circumstances that the court abused its discretion in making the award for attorney's fees.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.