547 P.2d 1102

**Linda Sue MURPHY, Appellant,**

v.

**Clarence Thomas MURPHY, Appellee.**

**No. I CA–CIV 2979.**

Court of Appeals of Arizona,
Division 1.

April 6, 1976.

Rehearing Denied May 12, 1976.

Behrens, Maclean & Jacques, by William F. Behrens, Phoenix, for appellant.

Debus, Busby & Green, Ltd., by A. Jerry Busby, Phoenix, for appellee.

OPINION

HOWARD, Chief Judge.

On December 4, 1970, appellee struck appellant, causing her to lose one of her eyes.

Six months later appellant filed for a divorce which was finally granted in September of 1972. The decree of divorce contains the following provision:

"That the husband is to pay to the wife as and for support and maintenance the sum of one dollar per year. However, it is understood and agreed and,

IT IS FURTHER ORDERED that such alimony cannot be increased unless the wife should become legally blind and further that such alimony shall end January 1, 1978."

Subsequent to the entry of the divorce decree, appellant sued appellee for loss of her eye, alleging an intentional tort, and a jury awarded her a $40,000 verdict. Appellant attempted to execute on the judgment but the execution was returned wholly unsatisfied. A debtor's examination of appellee revealed that he had sold or encumbered all his assets except the house so that there were no assets out of which appellant's judgment for the loss of her eye could be satisfied.

Appellant then filed a petition for modification of judgment and decree of divorce and for an order to show cause in the divorce action seeking to increase the support and maintenance until the judgment for the willful and intentional assault would be paid in full. The parties stipulated that appellant was only blind in one eye. The petition was dismissed by the trial court and this appeal was taken from that order.

The order which dismissed the petition states that the trial court was of the opinion that modification could only be granted if the petitioner became totally blind. On appeal appellant presents the following question:

"Did the trial court err in concluding that the support and maintenance provisions of the judgment and decree of divorce could be modified only if the appellant becomes totally blind?"

Appellant's first argument is that the provision in the decree of divorce relating to total blindness does not operate to limit these court's continuing jurisdiction to amend the alimony provisions of a divorce decree. In other words, it is her position that the court, having once awarded alimony, cannot limit the jurisdiction granted by A.R.S. Sec. 25–327A to amend the same by any condition other than a condition subsequent. In support of this proposition appellant cites the cases of *Spector v. Spector*, 94 Ariz. 175, 382 P.2d 659 (1963) and *Hayne v. Hayne,* 9 Ariz.App. 99, 449 P.2d 633 (1969).

In *Spector v. Spector,* supra, the trial judge allowed the wife $450 per month alimony for the first year after the divorce and $350 per month therafter until her death or remarriage. On appeal, the wife attacked that provision of the alimony award which terminated her right to alimony upon her death or remarriage contending that it was a restriction upon the power of the trial court to modify the decree. The court in *Spector* disagreed with this contention holding that the words "merely established the two conditions subsequent, the occurrence of which would terminate the payment of alimony and do not limit the jurisdiction of the court in any respect." The implication of *Spector v. Spector,* supra, is that the power granted by statute to modify the alimony award cannot be restricted except by a condition subsequent. It is appellant's contention that the provision regarding total blindness is a condition subsequent and does not retrict the power of the court to increase the one dollar per year alimony. It is appellee's position that it is a condition precedent to the increase of any alimony award and that appellant must bring herself within the condition prior to entitlement to increased alimony.

**304**

We believe it to be clear that the condition imposed in the decree is a condition precedent to the increase of alimony payments. Assuming arguendo, that such condition precedent operates as a restriction on the jurisdiction of the court we find that the trial court still did not err in dismissing the petition. A modification under A.R.S. Sec. 25–327 can only be granted upon a showing of changed circumstances which are substantial and continuing. It is clear that at the time the divorce decree was entered in this case appellant had only one eye as a result of the actions of her ex-husband. An exhibit filed by appellant in connection with her petition in this case shows that on the date the divorce decree was entered her total monthly expenses were approximately $800. Her monthly income at that time was zero. At the time she filed the petition for modification her total monthly expenses had declined to $637 per month and she had a net monthly income of $300. The only changed circumstance was the existence of a $40,000 judgment against appellee. In fact, appellant in her brief, cites this judgment as the change of circumstance which authorizes modification but then states that she could not establish her need for alimony in the divorce action because the intentional tort claim did not arise until after the divorce. We find this reasoning spurious. There is no reason why appellant could not have established her need for support in the sum of more than one dollar per year based on the loss of her eye.

It is clear that appellant's petition was an abortive effort to collect a judgment for personal injuries and on its face showed that appellant was not entitled to any relief.

Affirmed.

KRUCKER and HATHAWAY, JJ., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).