591 P.2d 980

**In re the Marriage of Ray E. SCOTT, Appellant,**

v.

**Eda SCOTT, Appellee.**

**No. 13939.**

Supreme Court of Arizona, In Banc.

Feb. 28, 1979.

---

Burch, Cracchiolo, Levie, Guyer & Weyl, P.A. by Daniel Cracchiolo, and Barry Becker, Phoenix, for appellant.

Allen, McClennen & Fels by James R. Harrison, Phoenix, for appellee.

GORDON, Justice:

This is an appeal from the judgment of the Superior Court regarding Ray E. Scott's petition to modify spousal maintenance. Taking jurisdiction pursuant to 17A A.R.S., Arizona Rules of Civil Appellate Procedure, rule 19(e), we affirm the judgment of the Superior Court.

Ray Scott, hereinafter referred to as Ray, and Eda Scott, hereinafter referred to as Eda, were divorced on February 6, 1975. Pursuant to a property settlement agreement executed on November 15, 1974, and incorporated by reference into the divorce decree, Ray was to pay Eda $3,000 a month in spousal maintenance. One year and eight months after the divorce, he filed a petition to modify spousal maintenance.

Pursuant to A.R.S. § 25–327.A, the provisions of a divorce decree respecting spousal maintenance may be modified only upon a showing of changed circumstances that are substantial and continuing. The Superior Court denied Ray's petition, finding no substantial and continuing change in circumstances that would warrant a reduction in the alimony being paid.

This Court is faced with two issues on appeal:

(1) Whether the trial court abused its discretion in denying Ray's petition to modify spousal maintenance, because it was supported by evidence of a substantial change in circumstances that occurred after the entry of the divorce decree.

(2) Whether it was an abuse of the trial court's discretion to award Eda $2,114 in attorneys' fees.

■ Ray is a broadcaster who was fifty-seven when he filed his petition to modify spousal maintenance and fifty-five at the time of his divorce from Eda. Although he had been a network broadcaster for many years, he was no longer with a network at the time of the divorce nor when the property settlement agreement was executed. Ray alleges that, because of his advancing years, the demand for him as an independent broadcaster is waning. His age and status as an independent broadcaster were, however, known to him at the time of the divorce. To be relevant evidence for a modification, a changed circumstance must occur subsequent to the divorce. *Hornbaker v. Hornbaker*, 25 Ariz.App. 577, 545 P.2d 425 (1976).

Moreover, the evidence does not support Ray's contention that there was, at the time of the hearing, less demand for his talents as a broadcaster. Although he alleges that many of his contracts have not been renewed, Ray's broadcasting income from Ray Scott and Associates, Inc. for 1976 was greater than his 1975 income and was not substantially less than his 1974 income.[1] In 1976, Ray opened a marketing division of Ray Scott and Associates, Inc. The broadcasting activities of Ray Scott and Associates, Inc. continued to operate under the term "personal services division." Ray's 1976 income from the latter would have exceeded even his 1974 income had a portion of the profits from the personal service division not been allocated to the marketing division.[2]

■ Ray predicts that, because of his advancing age and the resulting drop in demand for his broadcasting talents, his 1977 income will be substantially less. The burden of proving changed circumstances is on the party seeking modification. *Linton v. Linton*, 17 Ariz.App. 560, 499 P.2d 174 (1972). An estimation of an expected, but as yet unrealized, decrease in income is speculative evidence at best and is not sufficient to sustain a finding of substantial changed circumstances.[3] *Linton, supra.*

■ Ray asserts that the newly formed marketing division of Ray Scott and Associates, Inc. has suffered a financial setback in its first year and that his income in the future will, therefore, be less. Again, this is mere speculation. Despite its operating at a loss in its inaugural year, Ray himself indicated at the modification hearing that he still expected the marketing division to be profitable in the future, or he would not continue to be involved with it. To merit modifying a divorce decree, the changed circumstances must be both substantial and *continuing. Murphy v. Murphy*, 26 Ariz. App. 302, 547 P.2d 1102 (1976); A.R.S. § 25–327.A. Even Ray does not expect that the losses of the marketing division will continue. Temporary present losses and speculative future losses of this kind are simply not sufficient to support a modification.

■ Ray contends that his debts have increased substantially since the divorce. At the time of the decree of dissolution Ray was in debt in the amount of $36,000. Since the divorce, this figure has increased to $58,500. This Court must consider whether an increased indebtedness of $22,500 is a substantial change that merits a modification of Ray's support payments.

---

1. 1974 income = $111,304; 1975 income = $89,296; 1976 income = $90,600.

2. Had the $37,000 that was allocated in 1976 to marketing been kept as personal service profits and added to Ray's income, it would have given him an income of approximately $127,600 for 1976. This is approximately $16,300 more than his 1974 income.

3. Because Ray's petition for modifications was filed in October of 1976, even his 1976 income is, to some extent, an estimation.

Ten thousand dollars of his increased indebtedness is a home improvement loan that Ray took out when he purchased his second home.[4] A debt of this kind will have the effect of increasing the debtor's equity.

We recognize that this is a sizable increase in indebtedness. When we take into consideration Ray's net worth of $324,000, at the time of his petition for modification, his yearly income that approaches $100,000, and the long run beneficial effect that at least a portion of the debt will have, we do not find, however, that this is a substantial increase in indebtedness that merits a modification of Ray's support payments.

Since his divorce, Ray has guaranteed $200,000 worth of loans to Ray Scott and Associates, Inc. He is not primarily liable for this amount and does not assert that he has, in fact, become liable for the corporation's debts. Once again, the evidence is merely speculative and will not support the contention that any change, let alone a substantial and continuing change, has occurred. *See Linton, supra.*

At the time of his divorce, Ray had an interest in Ray Scott and Associates, Inc. Profit Sharing Plan and the American Federation of Television and Radio Artists Pension Plan of $28,710 and $26,269 respectively. Since his divorce, he has liquidated both plans. Ray was given these assets in the divorce decree. Eda has no interest in them. A transformation of Ray's assets from one form to another is not, in and of itself, a changed circumstance. Liquidation of his own assets is only relevant if reflective of a change in circumstances, such as an increase in debt. Because we have rejected his allegations of changed circumstances, the liquidation of his pension plans is not pertinent and merely reflects that he received the pension plans in the property settlement agreement and can do with them as he pleases.

Ray also contends that Eda's financial needs have undergone a substantial and continuous change. She has sold the family home, which she received in the property settlement agreement, and purchased a new home. As a consequence, her living expenses have dropped approximately $317 per month. Changed circumstances of the wife are as material to a motion to modify support payments as are the changed circumstances of the husband. *See Norton v. Norton,* 101 Ariz. 444, 420 P.2d 578 (1966). If alimony is no longer necessary for support and maintenance, Ray should not be required to pay it. *Norton, supra.*

Eda received the family home in the property settlement agreement. As with the liquidation of Ray's pension plans, the fact that she sold her own asset is not, in and of itself, a changed circumstance.[5] *See Linton, supra.* Her new lower monthly expenses, however, represent a changed circumstance which, if substantial and continuing, would merit a modification of Ray's support payments.

A determination as to the sufficiency of changed circumstances is a matter within the sound discretion of the trial court and will not be interfered with unless it is abused. *Linton, supra.* To decide whether there has been an abuse of discretion, we must first determine if the change of circumstances is supported by competent evidence.

"In testing the sufficiency of the evidence it will be taken in the strongest manner in favor of the appellee and in support of the court's findings, and a judgment will not be disturbed when

---

4. Since the divorce, Ray has remarried, has purchased a second home, and is now maintaining two households of his own.

5. The factors to be considered in determining whether to modify an alimony award are the same as the factors taken into consideration when granting an award for support and maintenance. *E. g., Linton, supra; Nace v. Nace,* 107 Ariz. 411, 489 P.2d 48 (1971). These fac-

tors are delineated in A.R.S. § 25–319 and include "[t]he financial resources of the party seeking maintenance, including marital property apportioned to such party * * *." There has, however, been no substantial change in the value of the property that Eda received in the property settlement agreement. She has merely changed its form by exchanging real estate for money.

there is any reasonable evidence to support it." *Roberts v. Malott*, 80 Ariz. 66, 68, 292 P.2d 838, 839 (1956).

█ Eda contends that she has merely reduced her standard of living to a level consistent with the amount of spousal maintenance that she received. She argues that this was reasonably anticipated by the parties at the time of the divorce and is, therefore, not a changed circumstance. *Alford v. Alford,* 18 Ariz.App. 1, 499 P.2d 732 (1972), overruled on other grounds, *In re Marriage of Rowe,* 117 Ariz. 474, 573 P.2d 874 (1978); *see Linton supra.* The trial judge may have found that Eda's reduced expenses were anticipated by the parties or that they were not substantial. We hold that it was not an abuse of discretion for the trial court to find, for whichever reason, that Eda's lower monthly expenses were not tantamount to a substantial change in circumstances, which merited a reduction of the support payments that she receives from Ray.

We affirm the Superior Court's denial of Ray's petition for modification of the amount of alimony that he must pay to Eda.

█ The second contention before us is whether it was an abuse of the trial court's discretion to award Eda attorneys' fees in the sum of $2,114. The granting of attorneys' fees for the wife in a divorce action is within the sound discretion of the trial court. *Heller v. Heller,* 7 Ariz.App. 298, 438 P.2d 445 (1968).

█ Eda's attorneys provided the court with exhibits which itemized 35 hours of prehearing preparation and $364.35 in expenses. In addition, the judge was informed that six chargeable hours had accrued on the day of the hearing. Ray's attorney stated that he had no objection to the hourly fee received by Eda's counsel, Mr. Allen, but added that he would object if Mr. Allen's associate was receiving the same fee.

The attorneys' fees and expenses of Mr. Allen and his associate, when computed at the rate actually suggested by Ray's counsel are in excess of $3,000. We, therefore, find no merit in the allegation of impropriety and affirm the granting of attorneys' fees to Eda in the sum of $2,114.

The judgment of the Superior Court is affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., and HAYS, J., concur.

HOLOHAN, Justice, concurring:

I concur in the result.