NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

DON WATSON, *Petitioner/Appellant,*

*v.*

MARCIA LYNN WATSON, *Respondent/Appellee.*

No. 1 CA-CV 21-0373 FC
FILED 3-24-2022

Appeal from the Superior Court in Maricopa County
No. FN2014-090069
The Honorable Adele Ponce, Judge

**AFFIRMED**

APPEARANCES

Scott L. Patterson, P.L.L.C., Tempe
By Scott L. Patterson
*Counsel for Petitioner/Appellant*

Marcia Watson, Mesa
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1        Don Watson ("Husband") appeals the superior court's order declining to modify or terminate his spousal maintenance obligation to Marcia Watson ("Wife"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2014, the parties ended their 38-year marriage by consent decree. Husband agreed to pay Wife $2,000 per month in spousal maintenance indefinitely, or "until the remarriage of Wife, the death of either party, or until modified by agreement or further court order." The parties also agreed spousal maintenance "would be modifiable in accordance with Arizona law" which would include, as relevant here, modification in the event of "[a] substantial and continuing change in Husband's annual earnings," and/or either party's "retirement and/or receipt of social security or other retirement benefits."

¶3        In late 2015, Husband petitioned to modify his spousal maintenance obligation, claiming his income had been substantially reduced. Following an evidentiary hearing, the superior court found Husband's income had indeed reduced from $8,000 at the time of the divorce to "approximately half" of that amount. Accordingly, the court reduced Husband's spousal maintenance obligation to $1,000 per month (the amount he requested).

¶4        In 2020, Husband again petitioned to modify his spousal maintenance obligation, this time asking the court to terminate the obligation altogether. As evidence of a substantial and continuing change of circumstances warranting modification, Husband informed that Wife was now receiving social security benefits "believed to be in excess of $1,000.00 per month," and that he, too, was receiving social security benefits. Husband also contended his current employment would end in a few months and that given his age, prior incarceration, and the impact of COVID-19, he would have difficulty finding work in the future.

**¶5** After an evidentiary hearing, the superior court denied Husband's request, as well as Husband's subsequent motion to alter/amend the court's order. This timely appeal followed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶6** Husband contends the superior court erred by failing to terminate or modify the spousal maintenance award to Wife. Under A.R.S. § 25-327(A), a spousal maintenance award "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing." We review the superior court's decision regarding the existence of changed circumstances for an abuse of discretion. *Nace v. Nace*, 107 Ariz. 411, 413 (1971); *Kelsey v. Kelsey*, 186 Ariz. 49, 53 (App. 1996). We will not set aside the superior court's findings unless they are clearly erroneous or unsupported by substantial evidence. *In re Marriage of Berger*, 140 Ariz. 156, 161 (App. 1983); *Bobrow v. Bobrow*, 241 Ariz. 592, 595-97, ¶¶ 11, 20 (App. 2017). The party seeking modification bears the burden of proving a change in circumstances. *Scott v. Scott*, 121 Ariz. 492, 494 (1979).

**¶7** In his affidavit of financial information, Husband attested he is self-employed, earns $5,412 per month, and receives an additional $2,227 in social security benefits per month. At the evidentiary hearing, Husband testified consistent with his affidavit but added that his monthly employment income could be reduced to between $2,000 and $3,000 per month, plus potential commissions.

**¶8** In its under advisement ruling, the court found Husband's monthly income to be "over $10,000 per month." In reaching this number, the court included Husband's (1) social security benefits, (2) his current employment income of $5,412 per month, and (3) his estimated reduced future employment income of $2,000 to $3,000 per month. Husband unsuccessfully moved the court to reconsider, arguing the court erred in calculating his income, and that Husband, too, erred in calculating his self-employment income by providing his gross receipts without adjustments for ordinary and necessary business expenses.

**¶9** We agree with Husband that the court erred in finding Husband's income to be over $10,000 per month. Indeed, Husband testified that were his employment income to be modified, as he anticipated, it would reduce *from* $5,412 per month *to* between $2,000 and $3,000 per

month—not be increased by that amount as the superior court found. The court's error, however, was harmless.

¶10        When assessing whether a substantial and continuing change has occurred, the court considers the latest order modifying the spousal maintenance award. *McClendon v. McClendon*, 243 Ariz. 399, 401-02, ¶ 10 (App. 2017). In the 2016 order modifying Husband's spousal maintenance obligation, the court found Husband's income to be approximately $4,000 per month. By the time of the evidentiary hearing in 2021, Husband's income, including his social security benefits, totaled significantly more each month than what he was earning in 2016 (approximately $7,600 per month). And, although Husband argues he misrepresented his income by failing to account for adjustments to income, he provided the court no evidence of any adjustments relevant to his current income. Moreover, Husband's "estimation of an expected, but as yet unrealized, decrease in income is speculative evidence at best and is not sufficient to sustain a finding of substantial changed circumstances." *See Scott*, 121 Ariz. at 494. Without more, Husband has not established a substantial change in his financial circumstances sufficient to support modification. *See* A.R.S. § 25-327(A); *Chaney v. Chaney*, 145 Ariz. 23, 25 (App. 1985).

¶11        Husband also contends that Wife's receipt of social security benefits constitutes a substantial change in her financial circumstances sufficient to support modification.

¶12        As noted *supra* ¶ 2, the parties agreed spousal maintenance would be "modifiable in accordance with Arizona law" should contingencies occur, including either party's receipt of social security benefits. The court found, despite Wife's receipt of $1,000 per month in social security benefits, her total income had not increased sufficiently to warrant modification. *See* A.R.S. § 25-327(A). In 2016, the court found Wife was earning $11.50 per hour. By 2021, Wife was no longer employed at $11.50 per hour, but instead was "providing tutoring and earning around $40 per week." With Wife's $1,000 per month in social security benefits, the court determined Wife's annual income in 2021 was within a few thousand dollars of her income in 2016. This finding is supported by reasonable evidence in the record. *See Scott*, 121 Ariz. at 495-96 (noting that a judgment will not be disturbed if it is supported by reasonable evidence). Husband has not shown where the court erred by refusing to modify spousal maintenance simply because both parties had begun receiving social security benefits.

**¶13** Husband is not the prevailing party on appeal. Having considered the parties' financial resources and the reasonableness of positions taken, we deny Husband's request for attorney's fees and costs under A.R.S. § 25-324.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:
JT