NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

APRIL D. FOGERSON, *Petitioner/Appellant*,

*v.*

GREGORY M. COBB, *Respondent/Appellee*.

No. 1 CA-CV 21-0372 FC

FILED 04-12-2022

Appeal from the Superior Court in Maricopa County
No. FC2019-071587
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

The Ber Law Firm, Phoenix
By Hershel Ber
*Counsel for Petitioner/Appellant*

Gregory M. Cobb, Buckeye
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**C A T T A N I**, Chief Judge:

¶1        April D. Fogerson ("Wife") appeals the superior court's order terminating Gregory M. Cobb's ("Husband['s]") spousal maintenance obligation. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In March 2020, the superior court entered a decree dissolving Husband and Wife's lengthy marriage and ordered Husband to pay spousal maintenance of $1,000 per month for 30 months. At that time, Husband was earning approximately $4,400 per month as a truck driver, and Wife, a former homemaker, was earning approximately $1,900 per month working at a pizza restaurant and a golf course.

¶3        In December 2020, Husband petitioned the court to terminate the spousal maintenance obligation based on changed circumstances. At the April 2021 hearing on his petition, Husband presented evidence that he was seriously injured in a truck accident at work in August 2020, was hospitalized through October, and thereafter returned to work on light duty for only about three weeks before being discharged in December. He did not obtain new employment because he continued to experience serious medical problems related to the accident—at the time of the hearing, he had undergone fourteen surgeries and had just been released from the hospital following a postoperative infection. Moreover, he anticipated that he would remain unable to work for at least a year because he was scheduled to continue receiving intravenous fluids for four months and had additional reconstructive surgeries planned. He further anticipated that he would never be able to return to work as a truck driver, and he explained that securing any employment would be difficult because his injuries left him with a lifelong susceptibility to infections. His only income following his December 2020 discharge was workers' compensation of a little more than $2,000 per month, which left him unable to pay for his housing and automobiles.

**¶4** Wife agreed that Husband had suffered serious injuries that precluded him from ever again working as a truck driver, but she maintained that she still needed support. She was still working at the pizza restaurant, earning approximately $1,700 per month.

**¶5** The superior court found Husband's testimony credible, found that his injuries and resultant reduction of income constituted a significant and continuing change of circumstances, and terminated the spousal maintenance obligation as of May 2021. Wife appeals.

## DISCUSSION

**¶6** A decree's spousal maintenance award "may be modified . . . on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). The party seeking modification bears the burden of proof to show a change in circumstances that is significant, objective, ongoing, and unanticipated. *Scott v. Scott*, 121 Ariz. 492, 494 (1979); *Nace v. Nace*, 107 Ariz. 411, 413 (1971). Whether a sufficient change has occurred is a question of fact. *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989). We defer to the court's determinations regarding witness credibility, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998), and we defer to the superior court's findings of fact absent clear error. *Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996). The court has considerable discretion to determine whether its findings justify modification under the rubric of A.R.S. § 25-319.[1] *Nace*, 107 Ariz. at 413.

**¶7** Wife contends that the evidence Husband provided was insufficient to demonstrate a continuing change in circumstances. She contends that his testimony regarding his current and future inability to work was not credible, and she points out that he returned to work in late 2020. She further points out that Husband offered no expert opinions.

**¶8** Wife has not established clear error in the superior court's factual findings or an abuse of discretion in its decision, particularly given the deference afforded to the superior court's assessment of witness

---

[1] A.R.S. § 25-319 does not require express findings with respect to either maintenance eligibility or maintenance amount and duration. *See* A.R.S. § 25-319; *Wineinger v. Wineinger*, 137 Ariz. 194, 197 (App. 1983); *Elliott v. Elliott*, 165 Ariz. 128, 131 n.1 (App. 1990). We may infer from the superior court's ruling all findings necessary to sustain it, so long as those findings are reasonably supported by the evidence and do not conflict with any express findings. *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984).

credibility. Husband testified that his serious injuries—which Wife acknowledged—prevented him from working and would continue to prevent him from working for a prolonged period. Although Wife asserts that Husband "changed his testimony" regarding whether he worked in 2021, the questions to which he responded were arguably ambiguous, and Husband ultimately testified that he had not worked in 2021. Husband also provided medical records documenting his medical treatment, including his most recent surgery and hospitalization. Husband acknowledged that he returned to work for several weeks in late 2020, but he testified that this light-duty work consisted of "s[i]tting in a chair." He further provided evidence that although he received workers' compensation, those payments were equivalent to only about half of what he had been earning at the time of the decree. That evidence was sufficient to support the superior court's conclusion that changed circumstances justified termination of the spousal maintenance obligation.

**CONCLUSION**

¶9        We affirm for the reasons set forth above.

