NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CARY R. BENNETT, *Petitioner/Appellee,*

*v.*

NANCY L. BENNETT, *Respondent/Appellant.*

No. 1 CA-CV 25-0260 FC

FILED 10-23-2025

Appeal from the Superior Court in Maricopa County
No.  FC2021-051814
The Honorable Colleen E. O'Donnell-Smith, Judge

**AFFIRMED**

COUNSEL

Reardon House Colton PLC, Scottsdale
By Taylor S. House
*Co-Counsel for Respondent/Appellant*

Scottsdale Family Law, PLLC, Scottsdale
By Aaron T. Blase
*Co-Counsel for Respondent/Appellant*

DeSoto Law Firm, Phoenix
By Rita E. DeSoto
*Co-Counsel for Petitioner/Appellee*

Jones, Skelton & Hochuli, Phoenix
By Eileen Dennis Gilbride
*Co-Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**B E C K E**, Judge:

**¶1** Nancy Bennett ("Wife") appeals an order granting Cary Bennett's ("Husband") post-decree petition to modify spousal maintenance and denying Wife's request for attorneys' fees. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2** After almost 15 years of marriage, Husband and Wife divorced in February 2022. Their two minor children live with Wife. In the decree, Husband was ordered to pay spousal maintenance of $1,193 per month for 11.5 years to Wife. In December 2023, Husband filed a post-decree petition for termination of spousal maintenance, or in the alternative, modification of spousal maintenance, claiming he was unable to meet his financial obligations.

**¶3** Although Husband's annual income had increased from $107,000 at the time of the decree to $156,000 at the time of the petition, he alleged that his expenses had increased substantially and that the superior court did not consider his increased expenses when it entered the decree. Husband owed more than $44,572 for court ordered therapeutic services including sessions with a therapeutic interventionist ("TI"), a behavioral health assessment of the family, and individual counseling sessions for the children.

**¶4** Husband was responsible for the TI fees, while Husband and Wife evenly split the assessment fees. Additionally, Husband was solely responsible for the children's counseling fees, subject to reallocation.

¶5            Husband testified that he was unable to pay for both the TI and the children's counseling. Wife testified that therapy had begun tapering off in late 2023 because Husband was cancelling the appointments. The record did not indicate when, if ever, therapy would end completely.

¶6            Wife testified that she receives social security disability insurance benefits ("SSDI") of $2,463 per month, and her SSDI had increased since the decree by $2,400 per year. Wife and the children live in a home her parents own, for which Wife paid no rent. Wife testified that she was incurring a debt of $4,000 per month to her parents in lieu of rent, but the court did not find it credible that Wife would pay her parents back, stating: "[Wife] has no plan for doing so nor did she seem concerned about it."

¶7            Wife's father submitted an affidavit regarding his financial support for Wife, detailing annual two-week long beach vacations that he provides for Wife and the children. Wife's father provides "transportation, lodging, food, cash and [his] personal credit cards for everyone in [his] family." Additionally, he pays for Wife and the children to go on additional trips "during the children's school breaks" at his expense. Wife's father also stated that, since Wife and Husband's separation, he pays for Wife and children to be able to have "special types of expenses and activities they could not otherwise afford."

¶8            The court denied Husband's motion to terminate spousal maintenance but granted his request for modification. The court analyzed the factors in A.R.S. § 25-319(B) and found that Husband incurred "significant debt in order to try to repair the relationship [with his] children which he says has made it difficult to pay child support, spousal maintenance, pay his debts, and continue to pay the unexpected fees associated with the TI and counseling for himself and the children." The court found that Husband was entitled to a reduction of spousal maintenance payments from $1,193 to $600 per month for the remainder of the original term. The court based its ruling on "all of the relevant factors and based upon all of the facts and circumstances presented."

¶9            Additionally, the court considered Wife's request for attorneys' fees and costs. The court found a "substantial disparity of financial resources" between the parties but that neither party had acted unreasonably and denied the request.

¶10 Wife moved to alter or amend the judgment reducing the spousal maintenance award, which the court denied. Wife now appeals the judgment reducing spousal maintenance and denying her attorneys' fees and the denial of her motion to alter or amend the judgment. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

## DISCUSSION

### I. The Superior Court Did Not Abuse Its Discretion in Modifying Spousal Maintenance.

¶11 Wife argues that the superior court abused its discretion when it modified the spousal maintenance award based on a change in circumstances that she alleges no longer applied at the time of the hearing. She argues that Husband's increased income combined with a cessation of therapy should not have resulted in a reduction in spousal maintenance.

¶12 We review a superior court's spousal maintenance determinations for abuse of discretion. *McClendon v. McClendon*, 243 Ariz. 399, 401, ¶ 8 (App. 2017). "We defer to the court's factual findings unless they are clearly erroneous or unsupported by substantial evidence." *Id.*

¶13 A spousal maintenance award "may be modified . . . only on a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A). "The burden of proving changed circumstances is on the party seeking modification." *Scott v. Scott*, 121 Ariz. 492, 494 (1979). The amount and duration of spousal maintenance is determined by consideration of the factors set forth in A.R.S. § 25-319(B). *See Cullum v. Cullum*, 215 Ariz. 352, 355, ¶ 15 (App. 2007).

¶14 The superior court made findings on each A.R.S. § 25-319(B) factor to determine whether modification of the spousal maintenance award was appropriate. It properly determined whether each factor applied and whether any credible evidence was presented to support it. *See Cullum*, 215 Ariz. at 355, ¶ 15 ("The [A.R.S. § 25-319(B)] determination by the court is done on a case-by-case basis and some factors will not apply.").

¶15 Contrary to Wife's argument, the court considered whether there was a substantial and continuing change of circumstances. The court's calculations included the possibility that therapy would end. It also considered that Husband could rent a cheaper apartment than his $2,108 per month one-bedroom apartment. In its calculations, it reduced Husband's monthly expenses by $1,500 to account for the termination of

therapy and the possibility of Husband renting a cheaper apartment. Additionally, the court acknowledged that therapy had reduced in frequency when it said: "Wife testified that the children's counseling tapered off to once a month a while ago and that the children have not gone to counseling in months. Husband did not dispute this testimony." Therefore, the court considered whether the change in circumstances no longer applied at the time of the hearing.

¶16 Wife also argues that the superior court's finding that Husband could not meet his financial needs was unsupported by the record. However, the court made specific findings on Husband's ability to meet his own and Wife's needs when it analyzed the A.R.S. § 25-319(B) factors. The court acknowledged Husband's income increased but also found that Husband incurred "unexpected fees" from the court ordered therapy which made it difficult to pay his other obligations. The court found that Husband had taken on significant debt because of his obligations under the decree. And even though "Husband makes substantially more income than Wife . . . the unexpected costs of the TI and counseling for himself and the children ha[d] resulted in financial distress for Husband."

¶17 The court also considered Wife's living situation and ability to pay her expenses under A.R.S. § 25-319(B). The court found Wife had "limited finances," but did not include rent when calculating monthly expenses. Although Wife testified that she was being loaned $4,000 per month from her parents, the court found "she [was] not accruing interest on the debt and it [was] unclear how she plan[ned] to pay back her parents" given that she is on permanent disability. The court noted Wife did not seem concerned about the debt and did not articulate a plan to pay the debt back. The court also found that Wife's claimed $1,350 per month in miscellaneous expenses — for clothing, school supplies, school activities and fees, barber/beauty shop, family gifts, and pet expenses — were unsupported. Instead, the court found Wife reasonably incurred $500 in miscellaneous expenses, bringing her total expenses to $4,409 a month with an income of $4,270 per month.

¶18 The superior court also considered that Wife had never spent any of the children's social security payments. Instead, Wife put those payments into a savings account "for the children's future expenses." The court pointed out that Wife could use this money — $666 per month to each child — to pay for the children's needs if neither party had the funds to do so. This further supports the court's conclusion that Wife could support herself and was not in financial distress.

¶19         The court, guided by the factors of A.R.S. § 25-319(B), considered Husband's unexpected therapy related debt and the resulting financial distress this had caused him. The court also considered Wife's ability to support herself, her current living situation, and her use of funds available to her. The record supports the finding of changed and continuing circumstances. Therefore, Wife fails to show the court abused its discretion in the modification of the spousal maintenance award.

## II.      The Superior Court Did Not Abuse Its Discretion by Denying an Award of Attorneys' Fees.

¶20         Wife argues that the superior court abused its discretion by denying her request for attorneys' fees. We review a superior court's award of attorneys' fees for abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004). We "will affirm the judgment if there is any reasonable evidence to support it." *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014).

¶21         The superior court may award attorneys' fees under A.R.S. § 25-324 "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Even if the court finds a disparity in income, that "alone does not mandate an award of fees. . . . [A] trial court has the discretion to deny a fee request even after considering both statutory factors." *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9 (App. 2014).

¶22         Though the court found Husband's income was greater than Wife's, it also found Husband had a large debt due to a "significant increase in unexpected expenses" from the court ordered therapy and was unable to meet his financial obligations. Income disparity is not dispositive. *See Myrick*, 235 Ariz. at 494, ¶ 9. "If the trial court finds such a disparity, it is then authorized to undertake its *discretionary function* of determining whether an award is appropriate." *Magee*, 206 Ariz. at 593, ¶ 18 (emphasis added). The superior court concluded that neither party acted unreasonably. The court was well within its discretion to deny Wife's request for an award of fees.

## CONCLUSION

**¶23**     For the foregoing reasons, we affirm. Wife and Husband request their respective attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324. After considering the reasonableness and financial resources of the parties and their positions on appeal, we deny both parties' requests. However, as the successful party, Husband is entitled to an award of costs upon compliance with ARCAP 21. A.R.S. § 12-341.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR