NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOHN KACIR, *Petitioner/Appellant*,

*v.*

ALICIA KACIR, *Respondent/Appellee*.

No. 1 CA-CV 25-0470 FC

FILED 06-08-2026

Appeal from the Superior Court in Navajo County
No. S0900DO202100364
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Petitioner/Appellant*

Pangerl Law Firm, PLLC, Phoenix
By Regina M. Pangerl
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge D. Andrew Gaona joined.

---

**F O S T E R**, Judge:

¶1        Petitioner John Kacir appeals the superior court's modification of spousal maintenance and award of attorneys' fees to Respondent Alicia Kacir. For the reasons below, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2        John and Alicia[1] dissolved their marriage through a consent decree in 2022, following John's petition for dissolution in 2021. The decree ordered John to pay $600 in monthly spousal maintenance to Alicia until she remarries.

¶3        Two years later, John petitioned to modify the spousal maintenance order. He alleged a change in circumstances justified decreasing the monthly spousal maintenance from $600 to $200. The changed circumstances involved financial hardship based on taxes owed to the Internal Revenue Service, diminished ability to work and increased business expenses.

¶4        After oral argument on the petition, the court determined a substantial and continuing change in circumstance existed and reduced John's spousal maintenance to $540. The court also ordered John to pay a portion of Alicia's attorneys' fees and costs and ordered Alicia to file a sworn statement supporting her fees and costs. The court entered its ruling under Arizona Rule of Family Law Procedure ("Rule") 78(b), noting that it "still must decide the amount of attorney fees and costs to be awarded" and it "expressly determines that no just reason for delay exists and directs the entry of this minute entry as a final, appealable order." *See* Ariz. R. Fam. Law P. 78(b). Within the same week of the court's judgment, John timely appealed.

---

[1] For clarity and convenience, this Court respectfully refers to the parties by their first names.

¶5         After John filed his Notice of Appeal, Alicia then filed her sworn statement and the parties exchanged briefs on fees and costs. The court considered the briefs and granted Alicia a portion of her attorneys' fees and costs. But the court's judgment did not include final judgment language provided in Rule 78(b) or (c). This Court stayed the appeal, revested jurisdiction in the superior court to enter judgment with Rule 78(c) language and ordered John to file an amended notice of appeal. This Court noted that it "will dismiss the appeal as to the attorney fees issue" if an amended notice of appeal is not timely filed. The superior court amended the judgment, but John failed to file an amended notice of appeal. Because John did not timely appeal from the Rule 78(c) judgment for attorneys' fees, this Court does not have jurisdiction over the attorneys' fee issue. This Court only has jurisdiction over the spousal maintenance award. A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**I.       The court properly modified the spousal maintenance amount.**

¶6         John argues that the court abused its discretion by failing to adopt a significant downward deviation in the spousal maintenance award. He contends his physical capabilities have limited his ability to work. Moreover, he suggests that his increased expenses, including the cost of vehicle expenses as a truck driver have financially impacted him. This Court reviews a spousal maintenance modification for an abuse of discretion. *McClendon v. McClendon*, 243 Ariz. 399, 401, ¶ 8 (App. 2017). Unless clearly erroneous or unsupported by substantial evidence, this Court defers to the superior court's factual findings. *Id.*

¶7         A court may modify spousal maintenance upon "a showing of changed circumstances that are substantial and continuing." A.R.S. § 25-327(A); *see Schroeder v. Schroeder*, 161 Ariz. 316, 322 (1989). The person requesting modification must prove changed financial circumstances after dissolution. *McClendon*, 243 Ariz. at 401, ¶ 9 (citing *Scott v. Scott*, 121 Ariz. 492, 494 (1979)). Circumstances in existence at the time of dissolution, or contemplated as part of a consent decree, are not sufficient to support a change. *McClendon*, 243 Ariz. at 402, ¶ 11 (citing *Scott*, 121 Ariz. at 494–96).

¶8         After a court finds changed circumstances, the court calculates spousal maintenance by considering numerous factors outlined

in § 25-319(B)[2]. *See Schroeder*, 161 Ariz. at 322. The factors include: (1) standard of living during the marriage; (2) length of marriage; (3) health, age, work history and earning ability of the individual seeking maintenance; (4) the paying individual's ability to meet both parties' needs; (5) the parties' contributions of earning ability; (6) sacrifices to career or income for the marriage; (7) the receiving individual's financial independence and resources; (8) time and ability to gain education or training for employment (9) misuse or concealment of shared property and (10) health insurance costs and changes after dissolution. A.R.S. § 25-319(B)(1)–(13).

¶9          John argued several changes in circumstances justified modification of spousal maintenance: (1) sustained pain associated with his differing leg lengths, (2) inability to lift heavy loads as required by his job, (3) lack of physical stability following falls within the previous two years and (4) limited work opportunities because of physical limitations.

¶10          The court first considered John's alleged change in circumstances. John testified that he suffered pain caused by his differing leg lengths, making him unable to lift heavy loads and causing him to be unstable on his feet. But he admitted this condition dated back to his late teen years. A court cannot modify spousal maintenance based on circumstances that existed before dissolution. *McClendon*, 243 Ariz. at 402, ¶ 12; *Scott*, 212 Ariz. at 494 (citation omitted). On this evidence, the court found John provided little medical documentation concerning his claimed inability to lift heavy loads and physical instability. And it determined he failed to establish an inability to work at the same level as before.

¶11          John also testified, however, that since 2022, he could no longer accept jobs to transport heavier loads, because of his physical limitations. For that reason, he further testified that he lost approximately $75,000 to $80,000 in wages as compared to work in 2024. On this evidence, the court found John presented sufficient evidence that "fewer available loads [were] available to [him] considering his current age and medical condition." The court reasoned that though "aging is a foreseeable event," its effects on a person's ability to perform may not be foreseeable. Given John's physical limitations and his testimony that less work existed than several years ago, the court determined that only his assertion of limited

---

[2] Here, the Spousal Maintenance Guidelines do not apply and cannot "form the basis for finding changed circumstances under A.R.S. § 25-327" because John filed the petition for dissolution before September 2022. *See* A.R.S. § 25-319 app. ("Guidelines") § I.C.2.b (modifying petitions).

work because of physical limitations amounted to a change in circumstance. *See Chaney*, 145 Ariz. at 25. This Court does not reweigh the superior court's discretionary findings. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 13 (App. 1998).

¶12 The court then applied the § 25-319(B) factors. It first considered John's and Alicia's situations and determined that (1) they were married for 17 years; (2) John was 63 years old and currently drove commercial trucks and experienced more limitations than before with his work; and (3) Alicia was 60 years old, did not have health insurance expenses, received disability payments and would most likely not acquire sufficient education or training for employment. Though John claimed financial hardship because of tax debt and the cost to operate his commercial vehicle, the court found John's arguments did not support a changed circumstance because they were considered in the parties' consent decree. *See Chaney*, 145 Ariz. at 25.

¶13 Next, the court compared the finances and found John "makes considerably more in the labor market" and that Alicia neither contributed to John's earning ability nor reduced her income opportunities for John's benefit. The court noted that though Alicia received payment at the time of the dissolution of marriage, she used those funds to purchase a home which she shares with her daughter who resides with her and shares expenses. John testified that his income declined but confirmed that he also received income from two rental homes.

¶14 After reviewing the § 25-319(B) factors, the court reduced John's monthly spousal maintenance obligation by $60 per month (from $600 to $540). It calculated this change by reducing John's attributed income "to account for his unreimbursed expenses necessary to continue working as a truck driver." But it also considered John's monthly rental income. Sufficient evidence supports the court's findings and order.

## II.    Attorneys' fees and costs on appeal.

¶15 Alicia requests her attorneys' fees and costs incurred on appeal under § 25-324 and ARCAP 21 because of John's "unreasonable conduct." *See* A.R.S. § 25-324; ARCAP 21.

¶16 After considering the relative financial resources of the parties and the reasonableness of the positions asserted on appeal, A.R.S. § 25-324, this Court denies Alicia's request for attorneys' fees. But as the successful party on appeal, this Court grants Alicia her taxable costs incurred on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶17    This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR